In the Matter of HENRY K. HEYMAN, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.

First Department, April 21, 1953.

*Beatrice Shainswit* of counsel (*Robert H. Schaffer,* attorney), for appellant.

*Henry K. Heyman,* respondent in person.

PECK, P. J. The State Rent Commission found that the landlord in this proceeding was entitled to a rent increase in order to attain the net annual return allowed by law (State Residential Rent Law, § 4, subd. 4; L. 1946, ch. 274, as amd.). The problem presented is one of apportionment of the required increase between tenants who have previously given a 15% voluntary increase and those who have not. The commission first assessed a 15% increase against those tenants who had not previously consented to an adjustment, and as that was not sufficient to make up the need, it then assessed the balance required against those tenants who had previously consented to an adjustment. The amount of the additional increase which thus fell upon the latter class of tenants was 13%.

The petitioner tenant instituted this proceeding to annul the order of the commission, contending that the latter increase against one class of tenants alone was a departure from the mandate of the statute that " any increase in maximum rent shall be apportioned equitably among all the controlled housing accommodations in the property." (§ 4, subd. 4, par. [c].)

Special Term annulled the order of the commission insofar as it imposed any increase upon the tenants who had previously consented to a 15% adjustment.

We have previously held, although without opinion, that the Rent Commission acted within the law in ruling as it has done in this case (*Matter of Fliashnick* v. *McGoldrick,* 280 App. Div. 975). The landlord is entitled to a 4% return on his property and an adjustment in rents to produce that return, subject only to the limitation that no more than a 15% increase may be assessed against any individual tenant in any twelve-month period. The statute specifies that any increase in maximum rent shall be apportioned equitably among the tenants and that in making such apportionment the commission shall give due consideration to all previous adjustments or increases in maximum rent by lease or otherwise. In this case the commission has given due consideration to previous adjustments by requiring the tenants who had not made such adjustments to pay corresponding increases before the tenants who had made voluntary adjustments were required to pay anything more.

Unfortunately, this equating operation still left a rent deficiency which, because of the 15% annual limit on adjustments, could only be assessed against the tenants who had previously given increases.

It can be argued that there is a resulting inequity in the apportionment among the various tenants, but that is not a reason to deny the landlord the return to which he is entitled. The inequity, if it exists, results from the limitation of 15% on the increase which may be assessed against any individual housing accommodation for any twelve-month period. Equitable apportionment, within that limitation, is a required incident of the proceeding, but the primary purpose is to assure the landlord a 4% return on his property.

While we hold that the commission has proceeded properly in this matter in making the additional assessment for the year in question against the tenants who had previously given rent increases, we think that the commission might appropriately have considered making a reapportionment after the period of twelve months of this additional assessment among all the tenants. There appears to be no reason why the 15% limitation, which is of only twelve months' duration, should result in perpetuating inequitable incidents beyond that period.

There may be reasons why such reapportionment should not be automatic and specified in the present order of the commission. It would seem, however, that either by the present order or by a reservation in the present order, an equitable reapportionment at the end of twelve months should be provided.

The order appealed from should be reversed, without costs, and the matter remitted to the commission for further proceedings in accordance with this opinion.

DORE, VAN VOORHIS and BREITEL, JJ., concur.

Order unanimously reversed, without costs, and the matter remitted to the commission for further proceedings in accordance with the opinion herein. Settle order on notice.