FRANK COPPA, Respondent, v. ROYAL NETHERLANDS S. S. Co. et al., Appellants.— In an action by a longshoreman to recover damages for personal injuries sustained while loading pipe in the hold of the S. S. *Triton*, which is owned by the corporate defendant, defendants appeal from a judgment in favor of plaintiff entered upon the verdict of a jury. Judgment unanimously affirmed, with costs. In our opinion the proof sustained the findings, implicit in the jury's verdict under the charge of the court, to which defendants did not except, that the accident was caused by a dangerous list in the ship and that the list constituted an unseaworthy condition under the circumstances disclosed. (Cf. *Seas Shipping Co.* v. *Sieracki*, 328 U. S. 85; *Pope & Talbot* v. *Hawn*, 346 U. S. 406, and *Mollica* v. *Compania Sud-Americana De Vapores*, 202 F. 2d 25, certiorari denied 345 U. S. 965.) Insofar as there may be a variance between the pleadings and the proof, the pleadings are amended to conform to the proof. (Cf. *Slotnick* v. *Klein*, 280 App. Div. 984.) Appeal from intermediate orders and decisions dismissed, without costs. No appeal lies from decisions. No orders are printed in the record. Present — Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ.

■

ANTHONY T. FEYH, Individually and Doing Business as WYCKOFF PRESS, Respondent-Appellant, v. BRANDTJEN & KLUGE, INC., Appellant-Respondent.— In an action to reform promissory notes and a chattel mortgage, defendant pleaded three affirmative defenses, and moved for summary judgment on the ground that such defenses were founded upon facts established prima facie by documentary proof or official record. Plaintiff cross-moved for summary judgment. Both motions were denied, and the parties appeal from those parts of the order which denied their respective motions. Order affirmed, without costs. An action for reformation is not one of the actions enumerated in subdivisions 1 to 9 of rule 113 of the Rules of Civil Practice, in which a plaintiff may move for summary judgment. Defendant is not entitled to summary judgment because it has failed to establish prima facie the defenses by " documentary evidence or official record ", as required by the rule. Nolan, P. J., Adel, Wenzel, MacCrate and Murphy, JJ., concur.