THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent, against BALDWIN GARDENS, INC., Appellant.— In a proceeding pursuant to section 11 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) to enjoin defendant from demanding rent in excess of the lawful maximum rent for two of its apartments and to recover the amount of the overcharges, and for other relief, defendant appeals from a resettled order granting plaintiff summary judgment, and denying defendant's cross motion for summary judgment. After the enactment of paragraph (a) of subdivision 4 of section 4 of the rent control law by chapter 443 of the laws of 1951, and pursuant to its provisions and those of subdivision 2 of section 33 of the State Rent and Eviction Regulations, defendant entered into two-year leases for each of the apartments here involved, at rent increases of 15% over the previous maximum rents. Both apartments became vacant before the expiration of the leases, and were rented to different tenants, under new two-year leases providing for increases in rent over the amounts reserved in the prior leases. The latter leases were rejected by the local rent administrator, since under subdivision 2 of section 33 of the rent regulations, as amended, the total

voluntary increase may not exceed 15% during a two-year period. An article 78 proceeding to review the determination of the State Rent Administrator denying defendant's protest of the action of the local rent administrator with respect to one of the rejected leases, resulted in a dismissal of the petition, the court holding in effect that subdivision 2 of section 33 of the regulations was valid. Defendant filed a notice of appeal from the final order therein, but has not prosecuted the appeal further nor was any stay obtained. It has, however, insisted in collecting the higher rents fixed in the two rejected leases, as a result of which this action was instituted. Resettled order unanimously affirmed, with $10 costs and disbursements. Although the action is not one in which summary judgment may be granted to the plaintiff (*Feyh* v. *Brandtjen & Kluge*, 283 App. Div. 807), on the argument defendant requested that the procedural defect be disregarded, and we shall, accordingly, consider the merits, particularly since only questions of law are presented. In our opinion, the final order in the article 78 proceeding, between the same parties and involving the same question is *res judicata* and conclusive upon the parties (cf. *Pagano* v. *Arnstein*, 292 N. Y. 326, 331; *Matter of New York State Labor Relations Bd.* v. *Holland Laundry*, 294 N. Y. 480, 493–494), notwithstanding that an appeal has been taken from that order (*Sullivan* v. *Ringler & Co.*, 69 App. Div. 388, and cases cited therein; cf. *Deposit Bank* v. *Frankfort*, 191 U. S. 499, 510–512). We are also of the opinion that subdivision 2 of section 33 of the State Rent and Eviction Regulations, as amended, is consistent with the provisions of paragraph (a) of subdivision 4 of section 4 of the State Residential Rent Law and in harmony with the intention of the statute (State Residential Rent Law, § 4, subd. 4, par. [a]; § 4, subd. 5, par. [a]) and so could properly provide, in substance, that upon the execution of a two-year lease calling for a 15% increase over the maximum rent, no future lease could provide for a further increase until the two-year period had expired. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Murphy, JJ.