Phillip G. Coffey, Jr., J.
This is a summary proceeding initiated by landlord seeking a final order, evicting tenant from premises 40 South Main Avenue, Albany, New York and a judgment for rent in arrears.
In support of the petition, landlord offers a lease for the premises, purportedly executed by both parties, providing for a monthly rental of $71.88.
Tenant served an answer, alleging fraud and misrepresentation on the part of landlord in the course of the negotiations for the rental of the premises, specifically the failure of landlord to inform tenant that the aforesaid rental figure represented a 15% increase over the existing maximum lawful rent for the premises.
In addition, tenant set forth two counterclaims, one for rent overcharge and counsel fees, and the second for damages, both causes of action grounded in fraud.
On the return day, tenant demanded a jury trial on the counterclaims. However, after discussion in chambers, both parties agreed to submit the actions to the court on stipulated facts for its decision.
The stipulated facts are these:
1. Premises in question are subject to rent control, under the State Bent and Eviction Regulations of the Temporary State Housing Rent Commission, hereinafter referred to as the “ Commission.”
2. Prior to July 1, 1958, the maximum lawful rent for the housing accommodations in issue was $62.50.
3. The lease executed by both parties provides for a rent of $71.88, a 15% increase over the registered maximum rent.
4. Tenant entered into possession of the premises, before the written lease was forwarded to him by the landlord, for his execution.
5. Throughout the negotiations prior to July 1,1958, landlord did not advise tenant that the lease provided for an increase in the maximum lawful rent, nor did tenant have independent knowledge of this fact.
6. Sometime after July 1, 1958 landlord delivered to tenant the written lease, together with the Commission’s “ Landlord’s Report of Lease ’’form, which allegedly was the first time tenant was apprised of the increase.
7. Tenant, by his attorney, returned the “ Landlord’s Report' of Lease ” to landlord, unsigned, with a cover letter, dated July *324 9, 1958, repudiating any agreement, consenting to the increased rent, but inadvertently inclosed the executed lease.
8. Landlord filed the lease with the local rent office of the Commission, together with the “ Landlord’s Report of Lease ”, executed only by landlord.
9. The Local Rent Administration, established by a certification submitted on the argument, approved the increase of the maximum rent to $71.88, effective July 1, 1958, although the £< Landlord’s Report of Lease ” is date-stamped as received by the local rent office July 11,1958.
The primary issue is an interpretation of the pertinent provisions of the State Rent and Eviction Regulations.
Section 31 provides: £ ‘ Maximum rents may be increased or decreased only by order of the Administrator except as hereinafter specified.”
Subdivision 2 of section 33 provides for an exception to section 31, if: ££ The landlord and tenant have voluntarily entered into a valid written lease in good faith * * * which lease provides for an increase in the maximum rent then in effect under these Regulations. ” The section prescribes other requirements not germane to the issues here involved.
Landlord urges that the voluntary execution of the lease by both parties satisfies the requirements of subdivision 2 of section 33. The court cannot concur in this interpretation. Since the section in point represents an exception to the regulation that all adjustments in rent be determined by the Commission, it must be subject to strict construction.
The regulations are substantially, if not entirely, unilateral in nature and designed for the ultimate protection of tenants. Hence, a tenant cannot — and should not- — -be held to have t£ Voluntarily ” agreed to an increase in the maximum rent, in the absence of evidence that he was aware of the full import of the lease. The term, ££ Voluntarily,” envisions the exercise of the will — a deliberate choice between two (or more) known courses of action.
Since it is conceded that tenant was not aware of the increase, and in fact, refused to execute the ££ Landlord’s Report of Lease ”, and consent to the increase, the requirements of subdivision 2 of section 33 have not been met. The fact that tenant’s attorney inadvertently inclosed the executed lease is cured by the cover letter, which accompanied it, repudiating any oral agreement as to the rent. The lease, calling* for an unlawful rate of rent is, therefore, invalid, and there exists a statutory tenancy, at a maximum rent in conformity with the "records and determinations of the local rent office.
*325 The present maximum rent and its effective date cannot be determined by the court from the exhibits before it. Ostensibly, upon documents received on July 11, 1958, the local rent office authorized an increase to $71.88, effective July 1, 1958. On the surface, this would appear to be a retroactive increase, which is prohibited by section 32 of the regulations. However, such problem must be resolved by the local rent office to which either party may apply; both will be heard.
With respect to tenant’s counterclaims, the court does not find sufficient evidence of willful fraud or misrepresentations on the part of the landlord to substantiate tenant’s position, but is of the opinion that this landlord believed it was proceeding properly, within the meaning of the regulations.
Actual rent payments made by tenant do not exceed the total maximum lawful rent for the months in issue, so that any overcharge for the first month has been adjusted by subsequent diminished payments by him.
Accordingly, landlord’s petition and tenant’s counterclaims are dismissed, without costs to either party.