In the Matter of ANNETTE ZIPKIN et al., as Executors of DAVID ZIPKIN, Deceased, et al., Respondents, against ROBERT C. WEAVER, as State Rent Administrator, Appellant.

First Department, November 4, 1959.

138

*Emory Gardiner* of counsel (*Harold Zucker*, attorney), for appellant.

*Sidney Schutz* for respondents.

VALENTE, J.  Section 4 (subd. 4, par. [a], cl. [4]) of the State Residential Rent Law (L. 1946, ch. 274, as amd.), and subdivision 2 of section 33 of the State Rent and Eviction Regulations authorize a 15% increase in the maximum rent of any housing accommodation when the landlord and tenant enter into a written lease in good faith for a term of not less than two years.  In the instant case, a lease for a two-year term, with a 15% increase, was made on October 1, 1954, and a report of that lease was duly filed with the State Rent Commission.  After the tenant had entered into possession and occupied the premises for one month, the lease was surrendered.  Thereupon, the landlord, on November 1, 1954, executed a new lease with another tenant for a term of 3 years and 11 months at the same rental paid by the former tenant for the first year and 11 months, and an increase of 15% for the remaining two years. This new lease was not filed with the Rent Commission until July 2, 1957, and was then rejected by the Administrator.

The statute (State Residential Rent Law, § 4, subd. 4, par. [a], cl. [4]) which sanctions 15% lease increases provides for regulations to be prescribed by the Commission. Subdivision 2 of section 33 of the State Rent and Eviction Regulations, in effect in November, 1954 when the lease *sub judice* was executed, permitted a 15% increase only after the full two-year term of any antecedent lease had expired. That restriction was aimed at preventing any pyramiding of rent increases. The regulation was amended in April, 1956 (par. [c]) to provide that, after the expiration of 12 months of its term, a new written lease may be entered into "for a term of not less than the unexpired remainder of the first two years of the original lease plus two years and providing for an increase, commencing with the expiration of the first two years of the original lease, not in excess of 15% over the maximum rent then in effect."

Thus, the increase in the lease in question was not authorized by the regulations either when the lease was made in 1954 or in 1957 when it was rejected by the Commission.

The validity of subdivision 2 of section 33 of the State Rent and Eviction Regulations, as amended, was upheld in *People ex rel. McGoldrick* v. *Baldwin Gardens* (283 App. Div. 897). In that case the court had under review the regulation in effect when the lease here involved was executed. The decision implicitly approved the construction of the regulation in Administrator's Opinion No. 93 to the effect that leasing agreements were proscribed which pyramided a second 15% lease increase upon an unexpired prior 15% term.

Moreover, it was definitely ruled in *Matter of Greene* v. *Weaver* (7 A D 2d 749), that the regulation, in prescribing a minimum period of an antecedent 15% lease which must expire before a successive pyramided lease will be permitted, was a valid exercise of the Administrator's power.

That the effectiveness of the second 15% increase in the lease in the instant case was suspended until the full two-year term of the prior lease had expired does not change the applicability of the statute and regulations since the execution of any such lease was forbidden, and that prohibition could not be circumvented by indirection.

A contrary rule would open the door to a simple and effective device to nullify one of the main objects of the statute and regulations. There would be nothing to prevent a landlord from foisting upon an incoming tenant a succession of 15% increases with suspended effective dates. Since the intent of the voluntary increase provisions is quite clear, viz., to permit a tenant

to trade two years of security in the possession of his dwelling at a fixed rental in return for a 15% increase or give him the alternative of staying on in the less secure status of a statutory tenant at the old rental, that salutary purpose would be thwarted if the landlord could legitimately demand more of the tenant.

The landlord herein received his first full 15% increase in September, 1954. Until the minimum period had expired, the landlord was not permitted to contract for another increase even if that increase was suspended until the termination of the minimum period. Certainly that is the clear intent of the statute and regulations. The Administrator's ruling in rejecting the lease herein was therefore neither arbitrary nor capricious and was conformable with the law, and should not have been disturbed.

The order should be reversed, on the law and facts, and the proceeding dismissed, with costs.

BOTEIN, P. J., RABIN, M. M. FRANK and BASTOW, JJ., concur.

Order unanimously reversed, on the law and on the facts and the proceeding dismissed, with $20 costs and disbursements to the respondent-appellant.