John E. Cone, J.
In this article 78 proceeding petitioner, one of 31 tenants, seeks to annul respondent’s determination which allocated an alleged inequitable apportionment upon Ms apartment following a building-wide rent increase granted the landlord under the hardship provisions of the regulations.
The landlord applied to the Local Rent Administrator for an over-all increase in maximum rents in the subject structure, contending that the increases were necessary in order to provide a 6% net annual return from the property. Objections were made by divers tenants, one of whom was petitioner. Although a conference was conducted on the local level at which a number of objectants were present, movant failed to appear. The Local Rent Administrator, after causing a physical inspection to be made, including petitioner’s apartment, and following a comprehensive audit, found the latter’s complaints unjustified and thereafter issued an order pursuant to subdivision 5 of section 33 of the State Rent and Eviction Regulations granting an increase which was apportioned over the 31 dwelling units and particularly increased movant’s rent from $82.78 per month to $95.20 per month.
Petitioner’s protest after de novo review and consideration was denied.
*228 An examination of the record and submitted papers shows movant’s accounting objections and service complaints are without merit. However, the answer admits that a lease agreement between the landlord and this tenant was voluntarily entered into in accordance with subdivision 2 of section 33 of the regulations. As here pertinent, section 33 provides: “ Grounds for increase of maximum rent. This section sets forth specific standards for the increase of a maximum rent. In applying these standards and entering an order adjusting a maximum rent, the Administrator shall take into consideration all factors bearing on the equities involved, * * * In making such apportionment and in fixing the increases in maximum rents the Administrator shall give due consideration to all previous adjustments or increases in maximum rents by lease or otherwise * * * 2. Voluntary written agreements. The landlord and tenant have voluntarily entered into a valid written lease in good faith with respect to any housing accommodation, which lease provides for an increase in the maximum rent then in effect under these Regulations. Such lease rent shall thereafter be the maximum rent for the housing accommodation for all the purposes of these Regulations and may not thereafter be increased * * # (e) [Such lease] Does not provide for the payment by the tenant of any rent in excess of the amount therein provided, unless the maximum rent is thereafter increased by order of the Administrator to lohich the tenant has consented pursuant to paragraph 1 of this section” (emphasis added).
Since it appears in the record, which fact has not been denied, that the two-year lease was entered into in February, 1958, the Local Rent Administrator’s order requiring petitioner to pay his apportioned increase of maximum rent retroactively from October 28, 1958, while the lease providing for a 15% increase was still in full force and effect, I find such determination to be contrary to the rent regulations. The regulations are substantially, if not entirely, unilateral in nature and designed for the ultimate protection of tenants (R. T. Realty v. Downes, 14 Misc 2d 322). That the Administrator, in accordance with his adopted accounting standards and procedures properly determined the amount of rent increase due from petitioner, is not here an issue. In my opinion, respondent may not alter the terms of the voluntary written agreement which was entered into in accord with and full compliance of these regulations (§ 33, subd. [2]) prior to its expiration date. As stated in Hahn v. McGoldrick (N. Y. L. J., June 2, 1954, p. 11, col. 8) “ While respondent might proceed to consider the application, any determination made *229 could not affect the right of the tenant under his lease”. -A contrary conclusion would result in the landlord receiving an increase of 30% which would be contrary to the regulations.
As stated in Matter of Favor Realty Corp. (116 N. Y. S. 2d 97, 98): “ The Administrator has determined that the Act authorizes only one 15% increase within 2 years during the life of a lease where an increase has been allowed. Such interpretation accords with the letter and spirit of the Act”. (Cited with approval in People ex rel. McGoldrick v. Baldwin Gardens, 128 N. Y. S. 2d 267, 269, affd. 283 App. Div. 897; Baldwin Gardens v. McGoldrick, 128 N. Y. S. 2d 523, affd. 283 App. Div. 892.)
Accordingly, the application is granted, and the matter is remitted to respondent who shall take such appropriate action in conformity with the court’s determination.