the law, without costs, and matter remitted to the Children's Court, Nassau County, for further proceedings not inconsistent herewith. In our opinion, the order dated June 5, 1961, granting the mother visitation rights subject to the supervision of the Department of Public Welfare, did not empower the latter, within its sole discretion, arbitrarily to deny her visitation when she elected to exercise her visitation rights. However, since the welfare of the infants is the primary consideration, a hearing should be held and, on the basis of the facts adduced at such hearing, an appropriate order may then be made defining the mother's right of visitation. A decision setting forth specific findings of fact should first be made and incorporated as a part of the record; the order should be based on such findings. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■  In the Matter of LEON E. SCHWARTZ, Respondent, v. ROBERT E. HERMAN, as State Rent Administrator, Appellant.— In a proceeding under article 78 of the Civil Practice Act, to review and annul a determination of the State Rent Administrator, dated July 8, 1959, the Administrator appeals from so much of an order of the Supreme Court, Kings County, dated August 4, 1960, as, upon reargument, adhered to the original decision of said court, dated June 1, 1960, which granted petitioner's application to annul the Administrator's determination increasing the maximum rent for petitioner's apartment from $82.78 a month to $95.20 a month, and which remitted the matter to the Administrator for appropriate action in accordance with the court's opinion (25 Misc 2d 227). Order of August 4, 1960, insofar as appealed from, reversed on the law, without costs, determination confirmed and petition dismissed, without costs. The findings of fact are affirmed. The landlord applied for a building-wide rent increase  under the Emergency Housing Rent Control Law (§ 4, subd. 4; L. 1946, ch. 274, as amd.) and the State Rent and Eviction Regulations (§ 33, subd. 5) on the ground that the net annual return from the rental income was less than 6% of the valuation of the property. The tenant interposed an answer contending, *inter alia,* that the landlord was bound, as to him, by the terms of their lease agreement executed in February, 1958, whereby the tenant had agreed to a voluntary 15% increase above the former maximum rental. On April 28, 1959 the Local Rent Administrator issued orders, based on findings with which Special Term agreed, for a building-wide increase. One such order increased petitioner's rental from $82.78 to $95.20 a month, effective as of "October 28, 1958." Said order also provided that "any written lease still in effect which provides for the payment of a rent less than the maximum rent fixed by this order governs the rent for the above described housing accommodation until its expiration." In our opinion, the order increasing the rental for petitioner's apartment was properly made, since the increase was not to become effective until the expiration of the lease agreement (State Rent and Eviction Regulations, § 33, subd. 2). In order to "equitably apportion" the rent increases among the controlled accommodations (§ 4, subd. 4, par. [c]), the Administrator must take into consideration not only all previous adjustments or increases, voluntary or otherwise, but also the "Earned Income" derived from the controlled accommodations (State Rent and Eviction Regulations, § 33, subd. 5, par. [b]). Since petitioner is not required to respond to the increased rental provision of the Administrator's order until the expiration of his lease, the record supports the Administrator's determination (cf. *Matter of Heyman* v. *McGoldrick,* 281 App. Div. 558; *Matter of Hotel Assn. of New York City* v. *Weaver,* 3 N Y 2d 206). Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.

■  In the Matter of KENNETH SKINNER, Petitioner, v. WESTCHESTER COUNTY DEPARTMENT OF PUBLIC WELFARE et al., Respondents.— Proceeding