In the Matter of ANDREW P. KERR, Individually and as New York City Housing and Development Administrator, et al., Respondents, and JOSEPH ROTHFIELD, Intervenor-Respondent, v. CHARLES J. URSTADT, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Appellants, and 241 EAST 22ND STREET CORP., Intervenor-Appellant.— Judgment, Supreme Court, New York County, entered on May 4, 1973, and two orders of

said court, each entered on April 27, 1973, unanimously modified, on the law, to the extent of reversing so much thereof as vacated and annulled, as arbitrary, the determination of respondents Urstadt and Herman, dated January 15, 1973, withholding approval of petitioners' Amendment 33 to section 33.5 and subdivision e of section 33 of their New York City Rent, Eviction and Rehabilitation Regulations, and except as so modified, otherwise affirmed, without costs and without disbursements. In *Matter of 241 E. 22nd St. Corp.* v. *City Rent Agency* (39 A D 2d 453) we found a "colorable question" raised regarding the possibility that Amendment 33 subjected controlled housing accommodations to more stringent or restrictive provisions than those previously in force. Accordingly, we directed that said amendment be submitted to the State Housing Commissioner, for approval, in accordance with the provisions of chapter 1012 of the Laws of 1971. This direction was complied with. The State Commissioner held "that a significant effect of the amendment would be to bar a limited increase * * * which is warranted under the present * * *. regulations * * * [without] alternative provision * * * made to compensate the owner for the loss of the rent to which he is entitled under the present regulations." He thereupon withheld his approval of the proffered amendment on the ground that this new limitation on rent increases was "clearly inconsistent" with petitioners' stated intention of providing needed revenues for the maintenance of the city's housing stock. Special Term, though recognizing that the collectibility of a hardship increase may be now limited only to those controlled accommodations which had not yet reached their maximum base rents (MBR), was of the opinion that it was the intendment of Local Law 30 of the 1970 Local Laws of the City of New York to give overriding importance to the MBR system, Amendment 33 carried out such purpose and the State Commissioner's withholding of approval, without conducting any study to determine the overall effect of the amendment, was, therefore, arbitrary. We disagree. Since 1951 State and City Rent Control Laws have provided for net annual return (hardships) increases where controlled property was not earning its statutorily prescribed return. Local Law 30 contains a similar provision for such rent adjustment in the event the property's net annual return is less than $8\frac{1}{2}\%$ of capital value. (Administrative Code of City of New York, § Y51–5.0, subd. g, par. [1], cl. [a].) We have previously held that, subject to statutory limitation on the amount of such increase, the primary purpose of a hardship proceeding is to provide a landlord with an appropriate return; with any resulting inequity left for later reconciliation. (*Matter of Heyman* v. *McGoldrick*, 281 App. Div. 558.) Since the amended regulations now subordinate hardship increases to MBR increases, the State Commissioner's refusal to give his approval thereto was a valid exercise of his delegated authority and, in light of the serious housing crisis in New York City sought to be alleviated by recent city and State enactments, cannot be said to be arbitrary. Concur — Stevens, P. J., Kupferman, Murphy, Steuer and Capozzoli, JJ. [73 Misc 2d 953.]