9TH AVE. & 42ND ST. CORPORATION and Others, Appellants, v. LOUIS ZIMMERMAN, Respondent.

First Department, July 6, 1926.

Attorney and client — action to recover damages from attorney based on negligence in permitting plaintiffs to accept assignment of lease that was not marketable — not defense that plaintiffs ultimately sold lease at higher price or that proceedings to validate lease were unsuccessful or that purchaser from plaintiffs sublet to corporation, controlled by one of plaintiffs, and he in turn sublet at higher rental.

In an action by clients against an attorney to recover damages based on the negligence of the attorney in permitting the clients to accept the assignment of a lease, the title to which was not marketable, it is not a defense to the action that the clients ultimately sold the lease for a higher price, for the damages recoverable have no connection with the value of the lease.

It is not a defense that the clients were unsuccessful in proceedings to have the lease validated. Whether the costs of such a litigation are chargeable or not as damages against the attorney, is a question of reasonableness, which the plaintiffs must prove, and if the plaintiffs do not prove that it was reasonably probable that they would succeed in proceedings to validate the lease, then the expense thereof cannot be charged against the attorney.

It is not a defense to the action that the plaintiffs resold the lease to another, who sublet the premises to a corporation, controlled by one of the plaintiffs, and that he in turn sublet at a higher rental.

APPEAL by the plaintiffs, 9th Ave. & 42nd St. Corporation and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of February, 1926, denying plaintiffs' motion to strike out three separate defenses contained in the amended answer.

*Percival E. Jackson* of counsel [*Siegfried Moisseiff* with him on the brief], for the appellants.

*Louis Zimmerman* of counsel, for the respondent.

McAVOY, J. This order at Special Term, now here on appeal, denied a motion to strike out three separate defenses contained in the amended answer on the ground that the same are insufficient in law.

The action was brought against an attorney for damages brought about by his alleged fraud and negligence. The fraud and negligence consisted in his permitting the plaintiffs to make a contract with the holder of a lease, by which contract the latter agreed to sell his right, title and interest in his lease but the seller did not therein make any warranty or representation as to the marketability

of the lease.    It was also alleged that plaintiffs were advised by the defendant that the vendor of the lease could convey a valid lease for the term mentioned.

The plaintiffs allege that they relied on this representation, took the assignment of the right, title and interest of the seller to the lease and paid the purchase price.    Thereafter they contracted to sell the lease and they represented to their vendee that they had a good, marketable lease.    Their title to the lease was rejected by their purchaser, because the property was vested in trustees to hold the same in trust for the wife of a decedent during her lifetime, and upon her death it was to fall to their son, but there was a contingency provided for under the will in effect that if the son should predecease his mother, then upon her death the estate was to go to the issue of the testator's son.    The son had issue, and in consequence, no valid lease of the premises for a fixed term could be made without binding the share of the son's child, since there was only a life estate in the wife, and while the father of the infant could be bound by his signature of the lease, the infant's contingent interest, in case the son of the testator predeceased his mother, was not possible of being conveyed, except through permission of the court, which the defendant neglected to advise should have been requested.

The three defenses which are put in now are:

(1) The first alleged defense recites in substance that the plaintiffs purchased the lease and then contracted to resell it at a higher price, ultimately receiving such higher price, and that consequently the plaintiffs have not been damaged.

(2) That the proceedings to validate the lease were taken for leave to bind the infant's interest in the form of ratifying the lease as to the infant, and that such application having been denied, was fruitless for any purpose, and that such proceedings being unsuccessful were consequently of no avail to plaintiffs and hence they cannot recover for maintaining them.

(3) That plaintiff corporation caused a sublease to be taken back by one of the individual plaintiffs from the vendee of the main lease, at a time when plaintiffs knew the condition of the title.

The damages recoverable in an action of this kind attempted to be defeated by the first defense have no connection with the value of the lease.    In a recent case known as *Trimboli* v. *Kinkel* (226 N. Y. 147) the following rule was laid down where an attorney was sued for assuring plaintiffs in that case that they had a marketable title: " The cloud, if there is any, is shadowy and vague and distant.    There has been no attempt to prove the extent to which the presence of such a cloud depreciates the value    *    *    *.

The defendant argues that the damages are, therefore, nominal. But we think this does not follow. The plaintiffs relied on the defendant's assurance that they had a marketable record title. Relying upon that assurance, they made a fruitless contract of resale. They have lost the commissions paid their brokers. They have been forced to reimburse the purchaser for the cost of an examination of the title. If the defendant had been diligent, these expenses would have been saved. The consequences were to be foreseen. A marketable title is one that may be freely made the subject of resale. Resale involves certain expenses as common, if not necessary, incidents. A lawyer takes the risk that those expenses will be lost if he fails to gather in due season the evidences of title. It is a loss within the range of probable contemplation (*U. S. Trust Co. of N. Y.* v. *O'Brien,* 143 N. Y. 284; *Dondis* v. *Borden,* 230 Mass. 73; *Whitehead Co.* v. *Ryder,* 139 id. 366)." And further: " They are still the occupants, and, it may be, the owners of the land, which, for all that the evidence shows, is equally valuable to-day.   *   *   *   But we have said enough to show that there is some evidence of damage. Beyond that we need not go. The extent of the recovery is not important at this time."

The first defense, therefore, is of no avail.

The second defense is really an extension of the denial of plaintiffs' allegation that they reasonably undertook proceedings to validate the title.

The defendant has set up that the proceedings were improperly taken, because they were unsuccessful. This is not the test.

The Court of Appeals ruled in effect in *Norske Ameriekalinje* v. *Sun P. & P. Assn.* (226 N. Y. 1) that one who has been injured by the wrongful act or default of another is under an obligatory duty to make reasonable effort to minimize the damages, and that it is held as a natural corollary to that rule that one who makes a successful effort to reduce damages will be allowed to recover the expenses necessarily incurred, and he will be allowed also to recover the expenses of a proper effort even though it proves unsuccessful. The rule is with respect to undertaking proceedings to reduce damages that the effort must be made in good faith, that it must be conducted with reasonable skill, prudence and efficiency, that it must be reasonably warranted by and proportioned to the injury and consequences to be averted, and that it must be made under a belief reasonably justified that it will avoid or reduce the damages otherwise to be apprehended from the wrong complained of. Whether the costs of litigation are chargeable or not as damages is a question of reasonableness which the plaintiff must prove, and the defendant's denial covers this issue. If plaintiffs do not

prove that it was reasonably probable that they would be successful in bringing this infant's proceeding or that it was not futile and foolish, plaintiffs will have failed on that branch of their case.

The third defense is that plaintiffs resold the main lease to another purchaser, and this purchaser sublet to a corporation which was controlled by one of the plaintiffs, Kessler, and that the plaintiff Kessler has sublet again to one Coen at an advanced rental, and defendant alleges that by reason of such facts the main " lease has  *  *  * been and still is a good, valid and marketable lease and has netted the plaintiffs and is still netting plaintiff Kessler, considerable profit."

The fact that the subsequent purchaser accepted the lease and other persons accepted subleases from this subsequent purchaser does not make the lease valid, nor is the fact that a profit is being made relevant to the damages which the plaintiffs claim they suffered through having to pay out moneys in an effort to make the lease marketable.  Certainly profits made on a sublease by a separate corporation even though controlled by one of the plaintiffs may not be considered as a reduction of the damages caused by defendant's act.

The transaction complained of, caused through defendant's alleged negligence, was complete and the damages were fixed before the happening of these events, and these subsequently happening incidents are irrelevant and redundant to the claim.

The order should be reversed, with ten dollars costs and disbursements, and the motion to strike out the defenses granted, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and WAGNER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.