(April 24, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD JONES, Appellant.—Judgment, Supreme Court, New York County, rendered on September 6, 1978, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Murphy, P. J., Kupferman, Fein, Sandler and Silverman, JJ.

■ GOLDSTEIN AFFILIATES, INC., et al., Respondents, v LEN ART KNITTING CORP. et al., Defendants, and AARON GOTTLIEB, Appellant.—Order, Supreme Court, New York County, entered October 3, 1979, granting plaintiffs' motion for a default judgment, reversed, on the law, on the facts, and in the exercise of discretion, without costs, motion denied and cross motion to vacate the default granted on condition that appellant Gottlieb pay $150 costs to plaintiffs within 20 days after the service of the order entered herein. Upon appellant's failure to meet this condition, order affirmed, with costs. Appellant's time to serve an answer is extended until 10 days after payment of the aforesaid sum. Appellant Gottlieb served an affidavit in opposition to plaintiffs' motion for default judgment. Although appellant never served a formal notice of cross motion, his affidavit apprised the plaintiffs of the fact that he was seeking (i) dismissal of the cause of action against him for legal insufficiency, or, (ii) a more definite statement of that cause. Implicitly, appellant's affidavit requested that his default be vacated. Therefore, his affidavit will be treated on this appeal as a cross motion to vacate his default (cf. *Plateis v Flax,* 54 AD2d 813). The disposition of controversies on the merits is favored and, in furtherance of that policy, a default will be vacated upon a proper showing of a meritorious defense, an excusable default, and the absence of willfulness *(Corley v East Aurora Metals,* 55 AD2d 840). In his affidavit, appellant denies that the subject escrow fund was set aside solely for the benefit of the plaintiffs. Appellant further emphasizes that, even if the escrow fund was set aside for the plaintiffs, they did not establish their entitlement to it. Suffice it to say that the affidavits submitted by plaintiffs' attorney do not clearly show that his clients are entitled to the escrow fund. Hence, appellant's affidavit indicates that he may very well have a meritorious defense to this action. The excuse presented by appellant for his default is framed in very vague and evasive terms. Nonetheless, it is possible that his default was caused by the confusion surrounding his change of business address. Therefore, his default will be considered unintentional, and thus, excusable. As a condition for vacating the default, appellant will pay $150 costs to the plaintiffs for the inconvenience caused to them by this delay. Upon appellant's failure to pay these costs, the order is affirmed. Appellant's time to serve an answer is extended until 10 days after payment of those costs. Concur—Murphy, P. J., Kupferman, Birns, Sandler and Carro, JJ.