■ M. Cecilia Skinner, Respondent, v Robert A. Skinner, Appellant. — In a matrimonial action for a divorce and to recover a money judgment for necessaries and the alleged conversion of personal property, the defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated August 7, 1981, which denied his motion to vacate a judgment of the same court dated April 20, 1981, entered against him upon his default in appearing and answering, and for leave to serve an answer. Order reversed, with $50 costs and disbursements, motion granted, and judgment dated April 20, 1981 vacated. Defendant's time to serve his answer is extended until 10 days after the service upon him of a copy of the order to be made hereon, with notice of entry. Inasmuch as more than one year had elapsed since the defendant's default in appearing and answering, he was entitled to at least five days' notice of the time and place of the motion for judgment unless the court ordered otherwise (CPLR 3215, subd [f], par 1). No such order dispensing with notice was entered in the case at bar, nor may the absence of notice be regarded as harmless in view of the substantial dispute extant between the parties regarding, *inter alia,* the value of the personal property allegedly converted by the defendant husband and the amount awarded to the plaintiff wife for necessaries (cf. *State Bank of Albany v Fioravanti,* 70 AD2d 1011, affd 51 NY2d 638). Moreover, the defendant has sufficiently established that his default in appearing and answering was not willful, but was the product, *inter alia,* of an erroneous impression conveyed to him by the plaintiff that the action in New York (the former marital domicile) would not be pursued, and that the matter

would be settled, by litigation if necessary, in the State of Georgia, where both had retained counsel, where settlement negotiations had apparently taken place, and where the defendant, at least, is presently residing. The representations to the contrary in the opposing affirmation of plaintiff's New York attorney are not based upon personal knowledge and are therefore of limited evidentiary value (see *Goldstein Affiliates v Len Art Knitting Corp.*, 75 AD2d 551; cf. *Houle v Wilde*, 22 AD2d 727; *Sortino v Fisher*, 20 AD2d 25; *Ad Press v Environmental Enterprises*, 41 AD2d 636). Since defendant sufficiently established the existence of a reasonable excuse for his default and of viable issues of fact regarding the merits of the plaintiff's claim, it was error for Special Term to have denied his motion to vacate that default and for leave to serve an answer (CPLR 5015, subd [a], par 1; see *Bishop v Galasso*, 67 AD2d 753). Mangano, J. P., Gibbons, Gulotta and Thompson, JJ., concur.