Robert A. SKINNER, Plaintiff,

v.

STONE, RASKIN & ISRAEL, a partnership, and Michael A. Stone, Marvin R. Raskin and Roy S. Israel, individually and as partners in Stone, Raskin & Israel, and Stone, Saltzman & Israel, a partnership, and Michael A. Stone, Robert J. Saltzman and Roy S. Israel, individually and as partners in Stone, Saltzman & Israel, Defendants.

No. 82 Civ. 6581.

United States District Court,
S.D. New York.

April 6, 1983.

Boggan & Thom, New York City, for plaintiff; William J. Thom, New York City, of counsel.

Wilson, Elser, Edelman & Dicker, New York City, for defendants; James L. Fischer, New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

This is an action by plaintiff charging the defendants, a firm of attorneys who represented him in a divorce action wherein he was the defendant, with malpractice. The divorce action was instituted by plaintiff's wife in the Supreme Court of the State of New York, Queens County. Plaintiff was served with a summons on August 8, 1979, following which he retained the defendant law firm to represent him. The defendants filed a notice of appearance on behalf of the husband. The wife's complaint was served on or about September 20, 1979. Thereafter the parties apparently attempted to negotiate a settlement, during the course of which no answer was served by the defendants within the time required under New York law and thus the husband was in default in answering the complaint. The attorneys representing the wife took no action for more than a year and a half until April 20, 1981, when they procured the entry of a default judgment in favor of the wife and against the husband. The judgment was entered in disregard of New York law, which requires that when more than one year has elapsed since a default in appearing or answering, at least five days' notice must be given to the defaulting party or his attorney of the time and place of motion for judgment unless the court other-

wise directs.[1] This provision was not complied with. The trial court compounded the error by permitting the entry of the default judgment. The judgment so entered granted the wife a divorce, awarded her alimony and a money judgment for necessaries and for the alleged conversion of personal property. The husband's attorneys moved to vacate the default judgment. The motion was denied. Upon appeal, the Appellate Division, Second Department, unanimously reversed and held that it was "error for Special Term to have denied [the] motion."[2]

The defendants herein, the husband's former attorneys, now move for an order pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure dismissing the complaint on the grounds that it states no claim for which relief may be granted and that absent disputed issues of fact they are entitled to judgment. The essence of the motion is that they are not liable for whatever damage plaintiff may have suffered by the entry of the default judgment because it was entered by the trial court contrary to law; that under the ruling of reversal by the Appellate Division, it was the trial court's error—not any negligence on defendants' part—that was the proximate cause of the damages.

The Appellate Division held that because "more than one year had elapsed since the defendant's default in appearing and answering, he was entitled to at least five days notice of the time and place of the motion for judgment unless the court ordered otherwise (CPLR 3215, subd. [f], par.

1). No such order dispensing with the notice was entered in the case at bar .... "[3]

The Appellate Division further held that, "[s]ince defendant sufficiently established the existence of a reasonable excuse for his default and of viable issues of fact regarding the merits of the plaintiff's claim, it was error for Special Term to have denied his motion to vacate that default and for leave to serve an answer."[4]

The Appellate Division also observed:

Moreover, the defendant has sufficiently established that his default in appearing and answering was not willful, but was the product, *inter alia,* of an erroneous impression conveyed to him by the plaintiff that the action in New York (the former marital domicile) would not be pursued, and that the matter would be settled, by litigation if necessary, in the State of Georgia, where both had retained counsel, where settlement negotiations had apparently taken place ....[5]

Thus, whatever injury plaintiff may have sustained was due to the error of the trial court in granting the default judgment in disregard of CPLR 3215(f), and in the further erroneous denial of the motion to vacate the default. In such circumstances the defendants cannot be held liable therefor. Under New York law, in an action against an attorney for alleged malpractice the plaintiff must show not only that the defendant was negligent, but also that plaintiff would have been successful in the underlying action but for the attorney's negligence.[6] Here no such showing can be

---

1. CPLR § 3215(f).

2. 90 A.D.2d 845, 456 N.Y.S.2d 92, 93 (2d Dep't 1982), *app. dismissed,* N.Y.L.J. p. 6 (March 28, 1983).

3. *Id.* 456 N.Y.S.2d at 92. Plaintiff purports to challenge this finding by the Appellate Division upon a contention that defendants had, in fact, been given notice of a proposed judgment prior to its entry. However, there is nothing in the record before this Court to indicate that defendants were notified of the judgment's settlement date as required by the CPLR. In any event, plaintiff is precluded from challenging the Second Department's finding at this point. Cf. *People ex rel. McGoldrick v. Baldwin Gar-*

dens, 283 A.D. 897, 130 N.Y.S.2d 166, 168 (2d Dep't), *app. denied,* 283 A.D. 1058, 131 N.Y. S.2d 449 (1954) (collateral estoppel attaches to decision even though appeal pending). *See also Holm v. Shilensky,* 388 F.2d 54, 56 (2d Cir.1968) (federal court in diversity action must give effect to judgment as would the State wherein judgment was rendered).

4. *Id.* 456 N.Y.S.2d at 93 (citations omitted).

5. *Id.* 456 N.Y.S.2d at 92–3.

6. *Garguilo v. Schunk,* 58 A.D.2d 683, 395 N.Y. S.2d 751, 752 (3d Dep't 1977); *Carpenter v. Weichert,* 51 A.D.2d 817, 379 N.Y.S.2d 191, 193 (3d Dep't 1976).

made since under the Appellate Division's vacatur of the default with leave to answer, he is in a position to contest his wife's action and to obtain a judicial determination upon the merits. In sum, upon the record here presented there is no basis upon which a claim for legal malpractice can be sustained.

Accordingly, the motion to dismiss the complaint is granted.