Robert A. SKINNER, Plaintiff-Appellant,

v.

STONE, RASKIN & ISRAEL, a partnership, and Michael A. Stone, Marvin R. Raskin and Roy S. Israel, individually and as partners in Stone, Raskin & Israel and Stone, Saltzman & Israel, a partnership, and Michael A. Stone, Robert J. Saltzman and Roy S. Israel, individually and as partners in Stone, Saltzman & Israel, Defendants-Appellees.

No. 131, Docket 83–7358.

United States Court of Appeals, Second Circuit.

Argued Sept. 22, 1983.

Decided Dec. 5, 1983.

William J. Thom, New York City (Boggan & Thom, New York City, of counsel), for plaintiff-appellant.

James L. Fischer, New York City (Wilson, Elser, Edelman & Dicker, Thomas W. Hyland and Robert F. DiUbaldo, New York City, of counsel), for defendants-appellees.

Before LUMBARD, OAKES and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Robert A. Skinner appeals from a summary judgment of the United States District Court for the Southern District of New York, 559 F.Supp. 808, Weinfeld, J., dismissing appellant's complaint, which alleged that the defendant attorneys had represented him negligently in a divorce proceeding in New York Supreme Court. We reverse and remand.

The parties to this appeal have not given us a very clear picture of what happened in the divorce proceeding, and we suspect that there was a similar lack of clarity in the district court. It appears, however, that, on August 8, 1979, appellant was served in Georgia with a summons in a divorce action brought by his wife in Supreme Court, Queens County. In his affidavit opposing appellees' summary judgment motion in the district court, appellant stated that he "engaged the services" of the Stone, Raskin & Israel law firm to "defend [his] interest" in the State court action. The terms of this retainer must have been somewhat unusual, because appellant served a Notice of Appearance pro se, which simply incorporated a demand that the complaint be served upon him, care of appellee, Roy Israel. The complaint was served in this manner on September 20, 1979. In the meantime, ap-

pellant had established his residence and domicile in Georgia.

In early 1980, appellant's wife moved to consolidate the divorce action with a conversion action against another defendant. It appears that attorney Israel orally informed the State court at that time that he intended to appear on behalf of the defendants; however, as of the time the motion to consolidate was made, he had not done so. Indeed, it appears that, as of March 10, 1981, when Mrs. Skinner's attorneys served a Note of Issue for an uncontested matrimonial trial, attorney Israel still had not become appellant's attorney of record. Moreover, no answer had been served up to then.

On April 20, 1981, judgment by default was entered in favor of Mrs. Skinner (1) dissolving the marriage, (2) granting Mrs. Skinner $200 per week as alimony, and (3) awarding her $75,000 as damages for conversion of her property, $17,792 for her "necessary expenses to date" and $1500 for attorneys fees. Mrs. Skinner then set out to realize on her judgment in the State of Georgia.

Apparently, this prompted appellees' formal entry into the divorce litigation, because, on August 5, 1981, they moved in State court to vacate the default judgment as having been entered without proper statutory notice. This motion was denied by the trial court on August 7, 1981. However, on November 29, 1982, the Appellate Division, Second Department, reversed the trial court and vacated the default judgment. *Skinner v. Skinner,* 90 A.D.2d 845, 456 N.Y.S.2d 92 (1982), *appeal dismissed,* 58 N.Y.2d 1113 (1983).

Seven weeks prior to the Appellate Division order, appellant brought the instant action. He sought, among other things, a refund of the fees paid defendants, indemnification for his liability under the default judgment, and reimbursement for legal fees, now asserted to be in excess of $20,000, which he had paid to prevent the Georgia courts from enforcing the default judgment. After the Appellate Division vacat-

ed the default, Judge Weinfeld granted appellees' motion for summary judgment.

In dismissing appellant's complaint, Judge Weinfeld relied on the reasoning of the Appellate Division as set forth in its order of reversal. The Appellate Division had decided that two factors combined to constitute reasonable excuse for the default: (1) notice of the hearing on the default was not given as required by N.Y.Civ. Prac. Law and Rules § 3215(f)(1); and (2) appellant's default in appearing and answering was not willful, Mrs. Skinner having conveyed the impression that the New York litigation would not be pursued and the parties' differences would be resolved in Georgia, where settlement negotiations were already taking place. *Skinner v. Skinner, supra,* 90 A.D.2d at 845–46, 456 N.Y.S.2d 92. These findings, Judge Weinfeld concluded, established that any injury to appellant resulted from the error of the State trial judge in granting and failing to vacate the default judgment, and that, under such circumstances, appellees could not be held liable for what had happened. Judge Weinfeld also held that, under New York law, appellant was required to show that, but for appellees' negligence, he would have been successful in defending the divorce action, and that no such showing could be made, since appellant was again in a position to contest that action on the merits. We think the matter cannot be disposed of so simply.

Whether appellant wins or loses in the divorce action, he still will be out of pocket for his expenses in opposing enforcement of the defective default judgment in Georgia, expenses that would not have been incurred if a defective judgment had not been entered. If these expenses resulted from appellees' negligence and were reasonably incurred, they should be recoverable. *See 9th Ave. & 42nd St. Corp. v. Zimmerman,* 217 A.D. 498, 500, 217 N.Y.S. 123 (1926); *Donofrio v. Davidson, Driscoll & Strassberger,* N.Y.L.J., Oct. 3, 1983, at 12, col. 6 (N.Y.Sup.Ct.1983).

 It is most unlikely that the default judgment was entered through the sole

negligence of the State trial judge. If the notice requirements of the New York statute were overlooked, Mrs. Skinner's attorneys, who submitted the default judgment for signature, probably were equally at fault. *See Siegel v. Kranis,* 29 A.D.2d 477, 479, 288 N.Y.S.2d 831 (1968). A jury, with all the facts before it, also might find that appellees contributed to the fiasco by failing to take steps to head off the entry of judgment, which they were informed was about to take place, a copy of the proposed judgment having been delivered a month prior to its entry. It is well-settled law in New York, that, when there are several proximate or efficient causes of an injury, the injury may be attributed to any one or more of the causes. *See, e.g., Dunham v. Village of Canisteo,* 303 N.Y. 498, 504, 104 N.E.2d 872 (1952). Thus, unless the trial court's mistake was a superseding rather than a contributing cause of the defective default judgment, appellees may be held liable if their negligence was a proximate contributing cause.

The jury also might find that appellees were negligent in their representation of appellant after the default was entered. Although the matter is not free from doubt, it appears that appellees were requested to intervene in the divorce action no later than June 8, 1981. Thereafter, they contented themselves with making a motion in August to vacate the default judgment and then pursuing an appeal from the denial of their motion, which appeal was not decided until fifteen months later. Section 5519 of the New York Civil Practice Law and Rules provides a means for staying the enforcement of certain judgments and orders, or portions thereof. *See Greene v. Greene,* 71 Misc.2d 708, 336 N.Y.S.2d 560 (1972), *aff'd as modified,* 41 A.D.2d 645, 340 N.Y.S.2d 664 (1973). Apparently, appellees did not apply for a stay in either the trial court or the Appellate Division. Although an attorney may not be liable for errors of judgment, "he must exercise ordinary skill and diligence in his representation of clients in the course of litigation." *Siegel v. Kranis, supra,* 29 A.D.2d at 479, 288 N.Y.S.2d 831. Whether appellees did exercise such skill and diligence would be, in the first instance, a question for the jury. *Grago v. Robertson,* 49 A.D.2d 645, 646, 370 N.Y.S.2d 255 (1975).

It should be obvious from the foregoing discussion that the affidavits submitted in this matter have been sadly lacking in factual detail. In reversing and remanding, we do not foreclose the possibility that a more complete statement of undisputed facts may still warrant the granting of a summary judgment motion. However, on the unsatisfactory record now before us, we have no alternative but to reverse the judgment of the district court and remand for further proceedings in accordance with this opinion.