■ KEL MANAGEMENT CORP. et al., Appellants, v ROGERS & WELLS, Respondent. — Order, Supreme Court, New York County (Edward Greenfield, J.), entered November 4, 1982, granting defendant's motion to dismiss and denying plaintiffs' motion to compel acceptance of the complaint, reversed, on the law, without costs or disbursements, the motion to dismiss denied, and the cross motion to compel acceptance of the complaint granted. ¶ This malpractice action against plaintiffs' former attorneys was commenced in March, 1977 to recover damages for defendant's failure to timely serve a notice of claim under section 50-e of the General Municipal Law. Kel Management Corp. had been issued a permit by the City of New York to alter certain building premises for use as an adult residence facility. Subsequently, the city revoked the permit, both orally and in writing, whereupon defendant, who had been retained, brought a CPLR article 78 proceeding on May 8, 1974 to review that determination. A notice of claim was served on May 17, 1974, claiming damages in excess of $4,000,000 as a result of the revocation. The dismissal of the petition for reinstatement of the building alteration permit was reversed

(*sub nom. Matter of Lee v Walsh,* 45 AD2d 836, affd 37 NY2d 408). On November 21, 1974, an action was brought by plaintiffs to recover damages in excess of $36,000,000 against the city and others and on October 1, 1975 other attorneys were substituted for the present defendant in that action, which is still pending. Among the defenses interposed by the city was the failure of plaintiff to timely serve a notice of claim within 90 days after revocation of the permit, as required by section 50-e of the General Municipal Law which, in turn, is the basis for this malpractice action by plaintiff against its former attorneys. ¶ Following institution of this action, defendant sought and was granted extensions of time to appear, on June 28, 1977, obtaining an extension of time to serve a notice of appearance until plaintiffs gave 30 days' written notice to so appear. Such a request was served on September 23, 1981, whereupon defendant appeared on October 19, 1981, demanding that a complaint be served. According to plaintiffs, delay in preparation of the complaint resulted, in part, from the necessity to study and evaluate the voluminous files in the actions and by reason of the necessity to forward the complaint to Florida for verification by a partner. The complaint, finally prepared on January 14, 1982, was served on February 17, 1982, whereupon it was rejected as untimely, defendant then moving to dismiss and plaintiffs cross-moving to compel its acceptance. ¶ Special Term, in a memorandum which predated the enactment of CPLR 2005 and 3012 (subd [d]), dismissed the complaint on a finding that the only excuse for the delay was law office failure, which the Court of Appeals had held to be legally insufficient (*Barasch v Micucci,* 49 NY2d 594). The 1983 legislative enactment, effective June 21, 1983, was designed to overrule the rigid principle established by that court in *Barasch v Micucci (supra)* and *Eaton v Equitable Life Assur. Soc.* (56 NY2d 900). It expressly took effect immediately and was applicable to pending cases (see Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1983-1984 Pocket Part, CPLR C3012:19, pp 113-114). Applying the statute here, we take into account that there have been several substitutions of counsel for plaintiffs, the complexity of the issues, and the voluminous nature of the files to be reviewed, all of which apparently required a substantial amount of time. Taking cognizance of the several extensions of time which had been afforded to the defendant, the 3½-month delay in serving the complaint was excusable, especially in light of defendant's inaction during such period and, clearly, there was no resulting prejudice to defendant. In reaching this conclusion, we do not pass upon the underlying merits of the action. Concur — Ross, Silverman and Bloom, JJ.

Kassal, J., concurs in a memorandum as follows: I concur in result only on constraint of this court's decision in *Beer v Florsheim* (96 AD2d 485, app dsmd 60 NY2d 859). However, I adhere to the views expressed in my dissent in *Beer* that, until there has been a disposition of the underlying action, the claim for legal malpractice does not accrue and is premature (see, also, *Siegel v Kranis,* 29 AD2d 477, 480; *Skinner v Stone, Raskin & Israel,* 559 F Supp 808). As a matter of law this would require a dismissal without prejudice.