# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Karen Coffield,**
**Plaintiff Below, Petitioner**

**vs.)  No. 21-0569** (Marshall County 19-C-128)

**Elgine H. McArdle,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Karen Coffield, by counsel Paul J. Harris, appeals the July 2, 2021, order of the Circuit Court of Marshall County granting summary judgment in favor of Respondent Elgine H. McArdle on petitioner's legal malpractice claims. Respondent, by counsel Sharon Z. Hall, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

As discussed more fully below, the present appeal is one of three related cases that have been considered by this Court. The facts set forth herein are drawn from the appendix records and briefs of those cases and the Court's decision in *Coffield v. Robinson*, 245 W. Va. 55, 857 S.E.2d 395 (2021). All three cases arise from the same underlying facts as summarized below.

Petitioner had a three-year-long relationship with Ronald Neil Robinson II. Near the conclusion of the relationship, petitioner became pregnant. Petitioner advised Mr. Robinson of the pregnancy, but she told him the pregnancy was achieved via artificial insemination and that he was not the father of the child. The child was born in March of 2001. In August of 2010, suspecting he might be the child's father, petitioner instituted a paternity proceeding in the Family Court of Marshall County. DNA testing revealed that he was indeed the child's father, and on September 11, 2011, Mr. Robinson announced his paternity on Facebook.

On September 27, 2013, Mr. Robinson filed a civil complaint against petitioner in the circuit court, which was docketed as civil action number 13-C-163 ("case no. 13-C-163"). Mr. Robinson claimed that petitioner "actively, fraudulently, knowingly and intentionally concealed

1

the fact of [his] paternity from him," and that she interfered with his efforts to establish a relationship with the child. Petitioner retained respondent to represent and defend her in the action.

On October 25, 2013, respondent filed a motion to dismiss on behalf of petitioner, arguing that the complaint should be dismissed because West Virginia law does not recognize actions for alienation of affections and because petitioner's claims had been previously adjudicated by the family court and were barred by the doctrine of res judicata. The circuit court denied the motion. Thereafter, respondent filed an answer on behalf of petitioner, asserting multiple affirmative defenses, including her defense that Mr. Robinson's claims were barred by the applicable statute of limitations.

On March 30, 2017,[1] respondent, on behalf of petitioner, filed a motion for summary judgment against Mr. Robinson, arguing that summary judgment was appropriate because the facts had established that Mr. Robinson's own actions caused his lack of relationship with his daughter. The circuit court denied this motion.

On September 25, 2017, respondent, on behalf of petitioner, filed a counterclaim. The counterclaim alleged that Mr. Robinson's suit constituted an abuse of process in light of the family court's finding that Mr. Robinson's lack of relationship with the child was the result of his own inaction. The circuit court dismissed the counterclaim, concluding that the counterclaim had been improperly filed without leave of court, that it did not set forth a claim upon which relief could be granted, and that it was barred by a one-year statute of limitations.

In November of 2017, a notice of substitution of counsel was filed on behalf of petitioner, indicating petitioner's consent to respondent withdrawing from her representation of petitioner. Thereafter, Teresa C. Toriseva and John M. Kyle took over representation of petitioner. Petitioner's new counsel took Mr. Robinson's deposition in April of 2018, and on July 20, 2018, they filed a motion for summary judgment on petitioner's behalf, arguing that Mr. Robinson's claims were barred because the complaint was filed after the statute of limitations on his claims had expired. The circuit court denied the motion by order, concluding therein that petitioner "ha[d] slumbered on her rights to have the case dismissed pursuant to the statute of limitation." Petitioner filed a writ of prohibition with this Court (docket no. 19-0090) shortly thereafter, asking that the Court issue a writ of prohibition to prohibit enforcement of the order. The Court refused the petition.

On May 13, 2019, while litigation was ongoing in case no. 13-C-163, petitioner filed a civil complaint against respondent, which was docketed as civil action no. 19-C-128 ("case no. 19-C-

---

[1] As the Court noted in *Coffield*,

[t]here appears to have been a lengthy period during which no action was taken in this case. The record does not indicate why this case remained in litigation for so long although it suggests that the cause may have been ongoing proceedings in the family court concerning child support, custody, and visitation.

245 W. Va. at 58 n.3, 857 S.E.2d at 398 n.3.

128"). In her complaint, petitioner claimed that respondent had, while representing petitioner, "recklessly failed to raise the issue of the civil action being time barred by the applicable statute of limitations." Petitioner further claimed that respondent had "recklessly failed to take the deposition of [Mr. Robinson] which would have unequivocally showed that [Mr. Robinson]'s civil action was time barred." The complaint stated, "Assuming [petitioner]'s new counsel is permitted to raise the statute of limitations defense at trial, [petitioner] still has been damaged by the failure of [respondent] to timely raise the issue, and such damages of [petitioner] include increased attorney[']s fees and costs and non-economic damages." The complaint further stated that respondent had failed to act as a reasonably prudent lawyer and that respondent breached the parties' representation agreement by "fail[ing] to provide services to [petitioner] in a competent manner," resulting in damage to petitioner.[2] Finally, the complaint asserted that respondent "failed to act as a reasonably prudent lawyer . . . [i]n such further ways as will be revealed during pretrial discovery."

Mr. Robinson's case against petitioner, case no. 13-C-163, proceeded to trial on December 9, 2019. The following day, the jury returned a verdict in favor of Mr. Robinson on his claim of intentional misrepresentation/fraudulent concealment, awarding $2,747.50 for his costs and expenses in establishing his paternity and $12,252.50 in punitive damages. The circuit court then ordered that petitioner pay Mr. Robinson $8,486.20, stating:

> The [c]ourt is mindful of the fact that [Mr. Robinson]'s prevailing fraud claim could have easily been dismissed. The statute of limitations for claims of fraud is two (2) years. The statute in this case began to run on September 11, 2011, when [Mr. Robinson] discovered that he was the father of [petitioner]'s child. [Mr. Robinson] did not file his complaint until September 27, 2013, over two (2) weeks too late. However, [petitioner] failed to raise the statute of limitations for nearly five (5) years. By Order dated February 1, 2019, the [c]ourt denied [petitioner]'s Motion for Summary Judgment on the statute of limitations issue due to the [petitioner] slumbering on her right to raise the same. But for the [petitioner]'s neglect, the fraud claim may have been barred completely.

Petitioner appealed the circuit court's order denying her post-trial motion for judgment as a matter of law or, alternatively, a new trial to this Court (docket no. 20-0033). The Court recognized that the threshold question in the case was "whether the statute of limitations defense can be waived by participation in the litigation after it is asserted affirmatively in the answer to a complaint." *Coffield*, 245 W. Va. at 59, 857 S.E.2d at 399. In deciding the issue, the Court reasoned:

> This Court has [] recognized that where causes of action are barred by the applicable statute of limitations, the complaint fails to set forth a claim upon which relief can be granted. In *Forshey v. Jackson*, 222 W. Va. 743, 671 S.E.2d 748 (2008), this Court explained that a claim that an action has not been timely filed "properly falls under Rule 12(b)(6) as failing to assert a claim upon which relief

---

[2] It does not appear that a representation agreement, if one existed in written form, was made part of the record below.

can be granted." 222 W. Va. at 746, n.7, 671 S.E.2d at 751, n.7. Our Rules of Civil Procedure also specify that the defense of failure to state a claim upon which relief can be granted is preserved through trial. In that regard, Rule 12(h)(2) of the West Virginia Rules of Civil Procedure addresses the preservation of certain defenses and provides that "[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Therefore, a defendant who asserts the statute of limitations as an affirmative defense does not waive that defense by not immediately filing a motion to dismiss on that basis. Rather, the defense is preserved through trial.

*Id.* at 61, 857 S.E.2d at 401 (footnote omitted). Accordingly, the Court held, "A defendant who asserts the statute of limitations as an affirmative defense in the answer to a complaint as required by Rule 8(c) of the West Virginia Rules of Civil Procedure does not subsequently waive that defense by engaging in discovery and participating in the litigation." *Id.* at 55, 857 S.E.2d at 396, Syl. Pt. 3. Finding that petitioner had not waived her statute of limitations defense and that the statute of limitations had run on Mr. Robinson's claims, the Court reversed the circuit court's order and remanded the case for entry of an order setting aside the jury's verdict and granting judgment as a matter of law in favor of petitioner.

Thereafter, respondent filed a motion for summary judgment in case no. 19-C-128. Respondent argued that, under *Coffield*, because petitioner did not waive the statute of limitations defense in case no. 13-C-163, any damages suffered by petitioner were attributable to judicial error rather than legal malpractice by respondent.

Petitioner responded by claiming that respondent negligently failed to argue that Mr. Robinson's claims were barred by the statute of limitations in the October 25, 2013, motion to dismiss and the March 30, 2017, motion for summary judgment. Petitioner argued that the circuit court's error in case no. 13-C-163 was reasonably foreseeable due to respondent's negligent conduct. Petitioner contended that, where the Court "issued a new syllabus point regarding waiver of [the] statute of limitations[,] . . . any error was based upon unsettled law and not the fault of the trial court." Finally, petitioner argued that respondent failed to act as a reasonably prudent lawyer by failing to properly plead a counterclaim on petitioner's behalf.

In reply, respondent argued that, regarding her failure to assert the statute of limitations in the motion to dismiss or the motion for summary judgment, her conduct did not contribute or trigger the judicial error because the Court's decision in *Coffield* established that those acts could not operate as a waiver of the properly pleaded affirmative defense. Respondent further argued that the circuit court's ruling was not foreseeable because she preserved the statute of limitations defense. According to respondent, the denial of petitioner's motion for summary judgment on statute of limitations grounds did not arise from an area of unsettled law. Finally, in response to petitioner's assertion concerning the counterclaim, respondent asserted that petitioner had failed to establish that dismissal of the counterclaim caused petitioner's damages.

On July 2, 2021, the circuit court entered an order granting summary judgment in favor of respondent in case no. 19-C-128. Regarding whether respondent's representation of petitioner fell

below the standard of care, the circuit court determined that

> [petitioner]'s argument that [respondent] was negligent in not raising the statute of limitations in the Motion to Dismiss and the subsequent Motion for Summary Judgment [in civil action number 13-C-163] fail[s] in that [respondent] raised and therefore preserved the statute of limitations as an affirmative defense in the Answer filed on [petitioner]'s behalf. Her conduct in doing so met the standard of care for a reasonably prudent attorney.

The circuit court stated that petitioner's other bases for her malpractice claim, including petitioner's claim that respondent did not properly assert the counterclaim, were rendered moot by the Court's conclusion in *Coffield* that Mr. Robinson's complaint failed to state a cause of action for which relief could be granted.

> The circuit court further determined that, in light of Syllabus Point 3 in *Coffield*,

> the additional attorney fees and costs incurred by [petitioner] after the denial of the motion for summary judgment were due not to conduct on [respondent]'s part but to judicial error in denying dismissal on the grounds that the statute of limitations defense had been waived. When a Plaintiff is harmed not by the attorney but by judicial error, summary judgment is appropriate for the Defendant attorney.

> . . . .

> . . . . [Respondent]'s reliance upon Rule 8(c) in setting forth the affirmative defense to avoid waiver negates any conclusion that the judicial error was foreseeable. It has been the law in West Virginia since 1972 that a statute of limitations defense must be pleaded or risk waiver. . . . Defendant pleaded it and did not foresee waiver. Accordingly, the judicial error was not a reasonably foreseeable result of any conduct on [respondent]'s part and [respondent]'s conduct did not proximately cause the damages claimed.

Petitioner appeals the circuit court's July 2, 2021, order, arguing that the circuit court erred by granting respondent's motion for summary judgment. Through four assignments of error, petitioner claims that respondent was not entitled to summary judgment because (1) "[r]espondent caused [petitioner] to endure years of needless litigation as a direct and proximate result of [r]espondent's negligence in failing to properly raise a clear statute of limitations issue"; (2) "[r]espondent failed to timely file a counterclaim"; (3) "proximate cause as to who is at fault (the [c]ircuit [c]ourt or [r]espondent) is a question of fact for the jury to determine"; and (4) the doctrine of collateral estoppel forbids the result. Petitioner asks that the circuit court's order be reversed and that the case be remanded to the circuit court to proceed on its merits.

Our standard of review of a circuit court's entry of summary judgment is de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."). In conducting our de novo review, we are mindful that

5

[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, Syl. Pt. 4.

We begin with petitioner's contention that respondent was negligent by not arguing the statute of limitations defense sooner and that this negligence caused her to endure years of litigation. Petitioner claims that had respondent asserted the statute of limitations defense "in a timely manner with proper supporting evidence," case no. 13-C-163 would have certainly been dismissed. According to petitioner, the fact that this Court issued a new syllabus point in *Coffield* on the statute of limitations issue indicates that the law on waiver of the statute of limitations defense was unsettled. Petitioner avers that all fault is attributable to respondent, not the circuit court.

Petitioner further argues, pursuant to *Skinner v. Stone, Raskin & Israel*, 724 F.2d 264 (2d Cir. 1983), that even if error can be attributed to the circuit court, because that error was merely a contributing cause of the erroneous ruling on the 2018 summary judgment motion, rather than a superseding cause, respondent can be held liable for malpractice because her negligence contributed to the judicial error. *See id.* at 266 ("[U]nless the trial court's mistake was a superseding rather than a contributing cause of the defective default judgment, appellees may be held liable if their negligence was a proximate contributing cause." (citation omitted)). Relying on *Stanfield v. Neubaum*, 494 S.W.3d 90 (Tex. 2016), petitioner asserts that any error committed by the circuit court was a reasonably foreseeable result of respondent's negligence. *See id.* at 100 ("A judicial error is a reasonably foreseeable result of an attorney's negligence if an unbroken connection exists between the attorney's negligence and the judicial error, such as when the attorney's negligence directly contributed to and cooperated with the judicial error, rendering the error part of a continuous succession of events that foreseeably resulted in the harm." (internal quotations omitted)).

We have held that "[g]enerally, in a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) the attorney's employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff." Syl. Pt. 1, *Calvert v. Scharf*, 217 W. Va. 684, 619 S.E.2d 197 (2005). Regarding the first of these three elements, we have explained that "[t]he attorney's employment is a factor that speaks to whether the attorney owed a duty to the person claiming to have been harmed by the attorney's negligence[.]" *Id.* at 690, 619 S.E.2d at 203. "Where a malpractice claim involves a matter for which the plaintiff directly hired the attorney, there is no question that a duty was owed." *Id.* In that the parties do not dispute the circuit court's finding that petitioner employed respondent, we determine that the first element is satisfied.

We have held that "[a]n attorney who undertakes to perform professional services for a client is required to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession in similar circumstances." Syl. Pt. 1, *Keister v. Talbott*, 182 W. Va. 745, 391 S.E.2d 895 (1990). Petitioner disagrees with the circuit court's conclusion that

6

respondent did not neglect a reasonable duty to petitioner. Petitioner essentially alleges that, by failing to raise the statute of limitations defense in a timely manner, the circuit court decided that the statute of limitations defense had been waived and respondent breached her duty to petitioner. To simplify our discussion and resolution of the present matter, we will assume without deciding that respondent neglected a reasonable duty in representing petitioner and that petitioner suffered damages. Our analysis turns on the third element: proximate cause. Petitioner disputes the circuit court's determination that her damages were proximately caused by the circuit court's error in ruling on the 2018 summary judgment motion.

We have held that "proof of the attorney's negligence alone is insufficient to warrant recovery; it must also appear that the client's damages are the direct and proximate result of such negligence." *Calvert*, 217 W. Va. at 685, 619 S.E.2d at 198, Syl. Pt. 3, in part (quoting *Keister*, 182 W.Va. at 746, 391 S.E.2d at 896, Syl. Pt. 2). Damages "are not presumed, and a plaintiff in a malpractice action has the burden of proving both his loss and its causal connection to the attorney's negligence." *Calvert*, 217 W. Va. at 685, 619 S.E.2d at 198, Syl. Pt. 4, in part (quoting *Keister*, 182 W.Va. at 746, 391 S.E.2d at 896, Syl. Pt. 3). We have explained that "'"'[p]roximate cause' must be understood to be that cause which in actual sequence, unbroken by any independent cause, produced the wrong complained of, without which the wrong would not have occurred." Syllabus Point 3, *Webb v. Sessler,* 135 W.Va. 341, 63 S.E.2d 65 (1950).' Syllabus Point 4, *Spencer v. McClure,* 217 W. Va. 442, 618 S.E.2d 451 (2005)." Syl. Pt. 7, *Wal-Mart Stores East, L.P. v. Ankrom*, 244 W. Va. 437, 854 S.E.2d 257 (2020). We have further recognized, though, that "[a]n intervening cause . . . may . . . break that chain of causation, and so constitute the new, effective cause of the injury." *Id.* at 450, 854 S.E.2d at 270. To that end, we have held:

> "'"'An intervening cause, in order to relieve a person charged with negligence in connection with an injury, must be a negligent act, or omission, which constitutes a new effective cause and operates independently of any other act, making it and it only, the proximate cause of the injury.' Syllabus Point 16, *Lester v. Rose,* 147 W.Va. 575, 130 S.E.2d 80 (1963) [*modified on other grounds, State ex rel. Sutton v. Spillers,* 181 W.Va. 376, 382 S.E.2d 570 (1989)]." Syllabus Point 1, *Perry v. Melton,* 171 W.Va. 397, 299 S.E.2d 8 (1982).' Syl. Pt. 3, *Wehner v. Weinstein,* 191 W.Va. 149, 444 S.E.2d 27 (1994)." Syllabus Point 8, *Harbaugh v. Coffinbarger,* 209 W. Va. 57, 543 S.E.2d 338 (2000).

*Id.* at 442, 854 S.E.2d at 262, Syl. Pt. 8.

We agree with the circuit court's conclusion that petitioner cannot show that her damages were proximately caused by respondent's conduct. As we explained in *Forshey*, a claim that an action was not timely filed falls under Rule 12(b)(6) as failing to state a claim upon which relief can be granted. *See Coffield*, 245 W. Va. at 61, 857 S.E.2d at 401. The Court in *Coffield* further stated that, under the West Virginia Rules of Civil Procedure, the defense of failure to state a claim upon which relief can be granted, when properly pleaded, is preserved *through trial. See id.* As *Coffield* makes clear, this law was settled at the time the circuit court denied the 2018 summary judgment motion. The Court's new syllabus point in *Coffield* merely confirmed the existing law.

7

Having properly pleaded the statute of limitations defense in the answer she filed on behalf of petitioner, respondent could have reasonably expected that the defense was preserved and that petitioner would be able to seek summary judgment on that issue. Respondent could not have foreseen that the circuit court would deviate from established law and consider the issue waived. Thus, regardless of whether the circuit court might have granted summary judgment in favor of petitioner on the statute of limitations ground had such a motion been filed sooner, the delay did not proximately cause the circuit court to err. Rather, the circuit court's misunderstanding of our existing law was the sole and independent cause of the error. *See Crestwood Cove Apartments Business Trust v. Turner*, 164 P.3d 1247, 1255-56 (Utah 2007) ("Where an attorney has raised and preserved all relevant legal considerations in an appropriate procedural manner and a court nevertheless commits judicial error, the attorney's actions cannot be considered the proximate cause of the client's loss. Although a client may believe that an attorney has not litigated a case in the most effective manner possible, such beliefs are irrelevant where the attorney has presented the necessary arguments and the judge, albeit in error, rejects them. Were it otherwise, an attorney would be subject to liability every time a judge erroneously ruled against the attorney's client." (footnotes omitted)).[3] Accordingly, respondent did not proximately cause petitioner's damages, and the circuit court did not err in determining that petitioner could not maintain her claim of legal malpractice against respondent.

Petitioner argues that the question of whether respondent proximately caused petitioner's damages is a question of fact that must be decided by a jury.[4] In support of her argument, she mentions that she "had various experts who testified at their depositions that [r]espondent's conduct . . . proximately caused [her] damages." Petitioner cites to *Stewart v. George*, 216 W. Va. 288, 607 S.E.2d 394 (2004), in support of her argument, in which we held:

> "'Questions of negligence, due care, proximate cause and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them.' Syllabus Point 5, *Hatten v. Mason Realty Co.,* 148 W.Va. 380, 135 S.E.2d 236 (1964)." Syl. Pt. 3, *Mays v. Chang,* 213 W.Va. 220, 579 S.E.2d 561 (2003).

---

[3] In case no. 13-C-163, in petitioner's reply to Mr. Robinson's argument that petitioner had waived the statute of limitations defense, petitioner did not argue that the right to assert the statute of limitations defense was preserved through trial, nor did petitioner refer the circuit court to our decision in *Forshey* or to the West Virginia Rules of Civil Procedure. Petitioner argued simply, "After an exhaustive search of the West Virginia Code, the West Virginia Rules of Civil Procedure, their annotations, and West Virginia case law, there is no specific authority directly mandating a deadline for bringing a summary judgment motion based on the statute of limitations."

[4] Petitioner also argues that the question of whether respondent deviated from the standard of care is a question of fact that must be decided by a jury. In deciding that petitioner's legal malpractice claim fails on the issue of proximate cause regardless of whether respondent neglected a reasonable duty and breached the standard of care, we need not address petitioner's argument concerning the standard of care.

*Id.* at 289-90, 607 S.E.2d at 395-96, Syl. Pt. 7.

Approximately thirteen pages of petitioner's brief consist of the deposition testimony of petitioner's expert witnesses; however, only one reference to causation with regard to the statute of limitations defense is included in this testimony. Teresa Toriseva, who acted as an expert witness for petitioner in case no. 19-C-128, was questioned as follows:

> Q. In your review of the file, and your work on this case for years, and taking it to trial, was it a deviation of the standard of care for [respondent] to not include in the initial Motion to Dismiss, the issue of the statute of limitations?
>
> . . . .
>
> A. Yes.
>
> Q. . . . And as a result of that deviation, did petitioner suffer harm by way of financial harm and emotional harm that we talked about before?
>
> A. Yes. A direct result.

Notably, this deposition testimony was given before the Court decided *Coffield*. Further, in the deposition testimony included in the appendix record, Teresa Toriseva was not asked and did not give an opinion about the effect of the circuit court's denial of the 2018 summary judgment motion on causation. In this instance, her opinion does not create an issue of fact concerning causation because, as set forth above, there is no question of fact that the circuit court's error in ruling on the 2018 summary judgment motion was the sole and independent cause of petitioner's damages. Accordingly, we conclude that the circuit court did not err in determining that respondent was entitled to summary judgment.

In addition to arguing that respondent was negligent by failing to timely argue the statute of limitations issue to the circuit court, petitioner also argues that respondent was negligent by failing to timely file her counterclaim. Again, only the second and third elements of the legal malpractice claim—whether respondent neglected a reasonable duty and whether such neglect proximately caused petitioner's loss—are in dispute; that respondent was employed by petitioner and owed a duty of care to her is established.

In support of her claim, petitioner states, "It can be argued that [r]espondent breached her contract with [petitioner] in failing to file a counterclaim as she wished." Petitioner further asserts that respondent's negligence precluded petitioner "from presenting any evidence as to her counterclaim against Mr. Robinson." Finally, petitioner argues:

> By her failure in filing a timely counterclaim, [petitioner] was placed in a worse posture during the underlying matter. It makes no difference that the verdict was ultimately overturned when [petitioner] was still forced to spend years and thousands litigating a case that should have never survived but for [r]espondent's negligence.

9

Petitioner notes that she produced expert witness testimony establishing that respondent deviated from the standard of care by failing to timely file the counterclaim and that this deviation caused her harm.

As with the statute of limitations issue, we simplify our discussion and resolution of the counterclaim issue by assuming without deciding that respondent neglected a reasonable duty in representing petitioner and that petitioner suffered damages. We proceed to consider whether, in failing to timely file a counterclaim, respondent proximately caused petitioner's damages.

In *Rubin Resources, Inc. v. Morris*, 237 W. Va. 370, 787 S.E.2d 641 (2016), we said, "Where the alleged malpractice is loss of a claim, the former client's recovery against the former attorney properly is limited by the amount that would have been recovered from the defendant or the potential defendant." *Id.* at 374, 787 S.E.2d at 645 (quoting *Ware v. Durham*, 268 S.E.2d 668, 669 (Ga. 1980)). In order to establish proximate cause in such an instance, the former client

> must construct a "case within a case." The client must plead and prove that he would have prevailed in the initial lawsuit. To satisfy this requirement, the client must reconstruct the underlying action for the court and propose what the outcome would have been had the attorney not committed the allegedly negligent act.

Richard H.W. Maloy, *Proximate Cause: The Final Defense in Legal Malpractice Cases*, 36 U. Mem. L. Rev. 655, 673-74 (2006).

The complaint in case no. 19-C-128 does not allege that respondent negligently failed to timely file the counterclaim.[5] Additionally, the only evidence of causation set forth in petitioner's brief regarding the counterclaim is the following excerpt of Teresa Toriseva's deposition testimony:

> Q.     . . . And the deviation about filing a pleading that says counterclaim, and isn't there, and filing a pleading late, the counterclaim late, without leave of court, that those deviations caused [petitioner] harm because it increased her expenses, attorney fee expenses, with regard to those issues?
>
> . . . .
>
> A.     It did.

Petitioner produced no evidence, by expert testimony or otherwise, that she would have prevailed on the counterclaim had it not been dismissed. No question of fact exists on this issue. To the extent that petitioner argues she was "placed in a worse posture" in defending against Mr. Robinson's claims, we find that to be of no moment because she ultimately prevailed in case no.

---

[5] The word "counterclaim" does not appear in the complaint. Other than a discussion of the statute of limitations issue, the complaint asserts only that respondent "failed to act as a reasonably prudent lawyer . . . [i]n such further ways as will be revealed during pretrial discovery."

13-C-163. Accordingly, petitioner cannot prevail on her legal malpractice claim as it relates to the counterclaim, and the circuit court did not err in granting summary judgment in favor of respondent.

Petitioner's final argument on appeal is that the circuit court was collaterally estopped from determining that respondent was not negligent in case no. 19-C-128 when the court had previously said in case no. 13-C-163, "But for the [petitioner]'s neglect, the fraud claim may have been barred completely." We find no merit to this argument. First, as set forth above, any neglect on respondent's part did not proximately cause petitioner's damages. Thus, regardless of the circuit court's findings concerning neglect in case nos. 13-C-163 or 19-C-128, petitioner cannot prevail on her malpractice claim because she cannot prove that respondent proximately caused her damages. Second, the doctrine of collateral estoppel does not apply to the matter as alleged by petitioner. We have held:

> Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. Pt. 1, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). It is abundantly clear that the third and fourth conditions are not met in this case as respondent was not a party in case no. 13-C-163, she was not in privity with a party in case no. 13-C-163, and she did not have a full and fair opportunity to litigate the issues in case no. 13-C-163. Consequently, we conclude that the circuit court did not err by granting summary judgment in favor of respondent.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 30, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn