AMERICAN HOTEL INTERNA-
TIONAL GROUP INC., et
al., Plaintiffs,

v.

ONEBEACON INSURANCE
COMPANY et al.,
Defendants.

No. 01 Civ. 654(CM)(MHD).

United States District Court,
S.D. New York.

April 27, 2009.

Jennifer Michelle Horowitz, Kenneth John Kelly, Epstein, Becker & Green, P.C., Terry Cummings, Hitchcock & Cummings LLC, New York, NY, for Plaintiffs.

Benjamin Joseph Theisman, Wiley Rein LLP, Washington, DC, Gregory J. Castano, Jr., Castano Quigley, L.L.C., West Caldwell, NJ, Richard A. Ifft, Wiley Rein LLP, Wiley Rein LLP, for Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION AND ON RECONSIDERATION ADHERING TO PREVIOUS ORDER

McMAHON, District Judge:

I thank counsel for providing me with the portions of the record I requested in my order of April 15, 2009. After reviewing the relevant portions of the record and doing a little research, I am now confident that my original ruling was correct, and so deny plaintiffs' motion for reconsideration of my order of April 9, 2009. The reader of this order is presumed to be familiar with my two prior orders, because I intend

to pick up where the April 15 order left off.

The record as supplemented by the parties reveals that Aramarine is correct about one thing: when CGU moved for summary judgment on its counterclaim, it did not argue that the alleged oral promise/modification of the Brokers' Agreement was not enforceable under Pennsylvania law because it was not supported by consideration. The original Notice of Motion, which was filed with this court on March 25, 2002, asks for summary judgment allowing the counterclaim on the ground that, "Aramarine's reliance on an alleged oral promise by a now-deceased person to the contrary is barred by the statute of frauds because the alleged promise involved a contract that could not have been concluded within one year." (See Item 1 attached to the April 17, 2009 letter from Kenneth J. Kelly, Esq.). This is a clear reference to CGU's now-rejected argument that New York law governed the enforceability of the alleged oral promise. There was no mention, in the Notice of Motion or in any of the supporting papers (including CGU's Statement of Undisputed Material Facts), of any alternative argument that the oral promise was unenforceable even if Pennsylvania law controlled. (See Kelly Letter Items 1–5).[1]

It is thus not altogether surprising that Aramarine's responsive papers (Kelly Letter Items 6 and 7) do not address the unmade argument-although if Aramarine was relying on Freyberger's alleged oral commitment to Elmasri to defend itself against the motion for summary judgment on the counterclaim, one might imagine that Aramarine would offer evidence supporting the enforceability of that commitment. But plaintiffs did not do so.

CGU raised the alternative, or "no consideration" argument, for the first time in its Reply Memorandum in Support of the motion for summary judgment, which was filed on September 20, 2002 (Kelly Letter, Item 8, at page 9).

▮ Aramarine is also correct that a district court is free to disregard argument raised for the first time in reply papers, especially on a motion for summary judgment. *Playboy Enters., Inc. v. Dumas*, 960 F.Supp. 710, 720 n. 7 (S.D.N.Y.1997) ("Arguments made for the first time in a reply brief need not be considered by a court."). However, the Second Circuit has made it abundantly clear that a district court has *discretion* to consider a belatedly-raised argument. *Ruggiero v. Warner–Lambert Co.*, 424 F.3d 249 (2d Cir.2005), and that a judge's decision to countenance such an argument will be reviewed for abuse of discretion, *Bayway Ref. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226 (2d Cir.2000). No doubt that is why most lawyers bombard judges with demands that new arguments be ignored— generally coupled with requests for permission to file sur-replies—within hours after a new argument pops up in a reply brief.

Significantly, and surprisingly, Aramarine did not send Judge Casey any such objection or request. And in the absence of any objection from plaintiffs, Judge Casey obviously chose to exercise his discretion in favor of considering CGU's belatedly-raised argument. Not only did he consider it, he adopted it as an alternative rationale for his conclusion that the purported oral commitment/agreement could not be proved. Since this oral agreement was Aramarine's only defense against the

---

1. CGU did make the exceedingly interesting argument that there was no conflict between New York and Pennsylvania law on any point relevant to the motion—an argument that is clearly incorrect insofar as the Statute of Frauds is concerned!

counterclaim, Judge Casey's ruling necessarily meant that he would grant CGU's motion for summary judgment.

At that point, the plaintiff could have moved for reconsideration, citing the "rule" of *Playboy Enters*, and claiming unfair surprise. And plaintiffs did in fact move for reconsideration. However, Aramarine's motion does not mention the "no consideration" alternative ruling. Neither does it raise any objection to Judge Casey's consideration of an issue that came up for the first time in reply papers. Instead, Aramarine contended that Judge Casey erred in concluding that the "oral agreement" relevant to the counterclaim[2] was an agreement, when it was really one party's interpretation of an ostensibly disputed term in the original contract. (Kelly Letter Items 10–12).

In their papers opposing reconsideration, defendants noted, *inter alia*, that plaintiffs had failed to address Judge Casey's alternative holding that even under Pennsylvania law the oral agreement could not be proved in their motion for reconsideration (Kelly Letter Item 13).

After Judge Casey denied the motion for reconsideration (Kelly Letter Item 14), Aramarine took a third bite at the apple (Kelly Letter Item 15). Once again, plaintiffs did not mention Judge Casey's ruling that the purported oral promise that gave rise to Aramarine's defense could not be proved because it was not supported by consideration as required by Pennsylvania law.

To summarize: at no time did plaintiffs object in the district court to Judge Casey's consideration of the "no consideration" argument on the ground that it was

first raised in a Reply Brief; at no time did plaintiffs seek leave to file a sur-reply to address that argument; at no time did plaintiffs seek reconsideration of Judge Casey's grant of summary judgment allowing the counterclaim on the ground that they had not been given an opportunity to counter the "no consideration" argument; and at no time did plaintiffs point out to Judge Casey why they thought his ruling was wrong as a matter of fact (which would have required them to point out what consideration had been given for this particular oral agreement).

But the district court was not Aramarine's last forum for raising the issue. Aramarine could have assigned Judge Casey's decision to rely on the belated argument as error on appeal, arguing that he abused his discretion in so doing. The belatedly-raised "no consideration" argument can hardly said to have been subsumed in the argument that CGU originally made (as was the case in *Ruggiero* ), because it was predicated on the law of an entirely different state and had nothing to do with the statute of frauds. Thus, it is entirely possible that the Court of Appeals would have responded favorably to the abuse of discretion argument. Of course, it is equally likely that the Court of Appeals would have viewed with disfavor Aramarine's failure to raise this issue before the district court—see *Ruggiero, supra.*, 424 F.3d at 252–53, and cases cited. Unfortunately, we will never know, because Aramarine did *not* argue to the Court of Appeals that Judge Casey abused his discretion by considering an argument that was raised for the first time in reply.

---

**2.** There are two different purported oral agreements at issue in this case, which only makes the issue confronting the court on this motion more problematic. One "agreement" underlies plaintiffs' claims against CGU, and the other is asserted as Aramarine's defense to the counterclaim. In this opinion, I deal only with the "agreement" that purports to give rise to a defense against the counterclaim.

Therefore, the Circuit had no occasion to consider the point.

Having passed up every conceivable opportunity to raise this issue, both before Judge Casey and in the Court of Appeals, Aramarine has waived any right to argue to this court that Judge Casey erred by considering the belatedly-raised "no consideration" argument in the first place.

And so we proceed to the merits of the "no consideration" argument. To the extent that this issue was discussed, it was done for the first time in the Court of Appeals.

I have reviewed Aramarine's opening Brief on Appeal. Aramarine did not even mention Judge Casey's alternative "no consideration for the oral agreement" ruling, let alone argue that it was wrong as a matter of either fact or law. Aramarine argued only that Pennsylvania's statute of frauds, rather than New York's, applied to the oral agreement that purportedly exempted Aramine from its otherwise clear (and written) contractual obligation to return commissions earned on cancelled or terminated policies. Aramarine also argued that this "oral agreement" was actually not oral at all, but was reduced to writing by virtue of an endorsement on certain policies. And it even argued that CGU's admitted inducement of insureds to terminate coverage during a non-cancellability period was a "blatant breach" of the covenant of good faith and fair dealing, which should bar the counterclaim. (Kelly Letter Item 16 at 52–58). *The one thing Aramarine did not argue was that Judge Casey erred in concluding that the oral understanding between Freberger and El-*

*masri was not supported by any consideration, as required by Pennsylvania law.*

In its responsive brief, CGU specifically argued that Aramarine had waived any objection it might have had to Judge Casey's alternative ruling by not raising the issue in its opening brief. (Kelly Letter Item 17 at 49, n. 20).

Ordinarily the Court of Appeals does not make a discretionary decision to review arguments made for the first time in reply briefs; appellants are required to set out all their contentions in the main brief or they are deemed waived. *Cooper v. Parsky,* 140 F.3d 433, 441 (2d Cir.1998). However, in a footnote in its Reply Brief, Aramarine responded to CGU's argument by contending that the *Cooper* rule did not bar consideration of a challenge to Judge Casey's alternative holding. (Kelly Letter Item 18 at 26, n. 10). On the merits, Aramarine noted that it had identified the consideration for the oral promise in its opening brief, when it wrote the following sentence: "In exchange for the pre-paid premium deposit, CGU agreed that Aramarine would not be obligated to return any commissions it received in connection with the ARM extensions if either CGU cancelled coverage or ARM policy participants terminated insurance coverage based on CGU's request during the non-cancelable two-year period.". Aramarine did not contend that it had argued in its opening brief that the oral agreement, contrary to Judge Casey's ruling, was in fact supported by consideration; it only claimed to have identified what the consideration was. As will be appreciated, this was the first time in the whole of the lawsuit that the purported consideration was "identified." [3]

---

**3.** Significantly, this statement by Aramarine eviscerates any suggestion that it was prejudiced by Judge Casey's consideration of the belatedly raised argument that the oral agreement lacked force under Pennsylvania law.

By pointing to the purported consideration for this oral agreement, Aramarine effectively conceded that evidence of the purported consideration was already in the record and could have been pointed out to Judge Casey,

Finally, the parties were asked to submit supplemental letters to the panel after oral argument. The panel wanted to know whether Aramarine had argued to Judge Casey that the oral agreements constituted modifications of the Broker's Agreement (which contained a provision stating that it was governed by Pennsylvania, not New York, law). Aramarine's letter in response to the panel's question made no reference to the alternative "no consideration" argument. CGU's letter pointed out that "Judge Casey . . . disposed of [the defense to the counterclaim] on the additional ground[ ] . . . that the 'agreement' otherwise lacked consideration", but this was a throwaway point and was not directly responsive to the panel's question.

The Court of Appeals did not address the "no consideration" alternative ground for decision in its opinion. In fact, the Court of Appeals did not mention the counterclaim at all, or note that Aramarine's position on the counterclaim was supported by a wholly different oral modification of the Broker's Agreement, or note that Judge Casey had ruled that any such oral modification was unenforceable regardless of which state's law applied. Limiting its discussion to the oral agreement that underlay Aramarine's complaint, the Circuit held that Judge Casey had erred when he applied New York's statute of limitations to modifications of a contract that by its terms was governed by Pennsylvania law. It then remanded for further proceedings that were not inconsistent with its opinion.

■ The issues raised by all of this are two: whether anything in the Court of Appeals' opinion bars retrial of the counterclaim, and whether anything in the law of the case doctrine bars it.

either in a request for permission to sur-reply or in the motion for reconsideration. Arama-

■ Under the law of the case doctrine, "a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir.1991). However, the law of the case doctrine does not prevent a court from reconsidering an issue it previously decided. *Id.; Scottish Air Int'l v. British Caledonian Group, PLC*, 152 F.R.D. 18, 24 (S.D.N.Y.1993). "It is well established that . . . rulings made pre-trial by a district judge are subject to modification by the district judge . . . and *may be modified to the same extent if the case is reassigned to another judge.*" *Scottish Air*, 152 F.R.D. at 25 (*quoting In re United States*, 733 F.2d 10, 13 (2d Cir.1984) (emphasis added)).

The rule is somewhat different after a case has gone up on appeal.

■ When a trial court's decisions have been ruled on by an appellate court, it is the appellate court's decision that is law of the case. Furthermore, "the trial court is barred from reconsidering or modifying a decision that has been ruled on by an appellate court." *Id.* "When an appellate court has once decided an issue, the trial court, at a later stage in the litigation, is under a duty to follow the appellate court's ruling on that issue." *United States v. Uccio*, 940 F.2d 753, 757 (2d Cir.1991).

■ However, if the trial court's decisions were not ruled on by the higher court, the trial court's decision remains the law of the case. This means, that if an appellate court reviewed a trial court's decision, but did not address an issue that the trial court decided, the trial court's decision remains the law of the case:

rine offered no excuse for its failure to do either of those things.

In the case in which the mandate of the appellate court does not address a particular issue, the appellate judgment, on this issue, *does not establish the law of the case,* and on appeal from the judgment rendered after remand, it may be reviewed by the appellate court. *It remains, however, that the issue was decided by the district court in an earlier case and was not disapproved by the appellate court. It is, therefore, the law of the case.*

*In re PCH Assocs.,* 949 F.2d at 593 (*quoting* 1B Moore's Federal Practice ¶ 0.404[4.–3], at 131) (emphasis in the opinion). Thus, when an appellate court does not address an issue that a trial court decided, the trial court on remand has the discretion to determine whether its prior determination on an issue should be disturbed. *Id.*

That is precisely the situation I am facing here. The appellate court did not discuss the counterclaim at all. Of course, its ruling on the statute of frauds issue necessarily overruled Judge Casey's determination of that argument insofar as the argument was addressed to the counterclaim, so it would be inconsistent with the Circuit's decision if I were to refuse to try the counterclaim on the ground that Aramarine's "oral agreement" defense was barred by the statute of frauds. But Judge Casey made an alternative ruling, upholding the counterclaim under Pennsylvania law, and the Second Circuit did not mention that, even though the issue was briefed and argued. Therefore, Judge Casey's conclusion under Pennsylvania law remains the law of the case, and this court has the discretion to overrule him and order retrial of the counterclaim.

██ How I should exercise my discretion presents another question entirely. Although a district court on remand has the discretion to reconsider an issue that was not decided by the Court of Appeals, the law of the case doctrine counsels against doing so. *See Uccio,* 940 F.2d at 758. A court's decision on whether to apply the law of the case doctrine turns principally on whether "reconsideration is necessary to avoid injustice." *Scottish Air,* 152 F.R.D. at 25 (internal quotation and citation omitted). The Second Circuit has advised that a court should adhere to its own prior rulings, "absent 'cogent' or 'compelling' reasons to deviate, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Uccio,* 940 F.2d at 758 (internal quotations and citations omitted).

In this case, no one has pointed to any intervening change of controlling law; as far as I am aware, Pennsylvania still bars proof of an oral modification of a contract that is not supported by consideration. Nor has anyone pointed to the availability of new evidence; as noted above (see n. 3), Aramarine has always had available to it the "evidence" that there was "consideration" for the oral agreement.

Instead, Aramarine argues that I should retry the counterclaim because Judge Casey erred when he concluded that the oral agreement was not supported by consideration. As far as I can tell from the papers I have reviewed, this is the FIRST TIME that Aramarine has actually made that argument in cogent and comprehensible terms. It cannot be questioned that Aramarine NEVER suggested to Judge Casey (at least not in any piece of paper submitted to this court) that he was wrong under Pennsylvania law, and that the oral agreement on which plaintiffs relied to avoid the counterclaim was in fact supported by indemnified consideration. Yet that is an argument that Aramarine could and should have raised long ago.

Because Aramarine did not make this argument before Judge Casey, my predecessor did not clearly err when he concluded that there was no consideration for this particular oral modification of the Broker's Agreement. And because the argument could and should have been raised long ago, it is not manifestly unjust to allow Judge Casey's ruling to stand.

In short, this is not one of the cases in which a district judge has "cogent" or "compelling" reasons to overturn a prior district court holding that is law of the case. Rather, this is one of those cases in which the Second Circuit counsels against exercising discretion to overturn a prior ruling that is law of the case. Therefore, while I have reconsidered my previous conclusion that the counterclaim will not be retried, I conclude that I was correct and in an exercise of my discretion, I decline to retry the counterclaim. Judge Casey decided to grant CGU's motion for summary judgment on its counterclaim because the only defense to Aramarine's liability—an oral agreement modifying the parties' written contract—could not be proved, because the purported oral agreement was not supported by consideration as required by *Pennsylvania* law. Nothing in the Second Circuit's mandate suggests that this decision was wrong, so this ruling is law of the case. And there is neither a cogent nor a compelling reason to overrule the law of the case. Therefore, applying the law of the case doctrine to the facts as set forth (exhaustively) in this and my prior orders, there is nothing of the counterclaim to try.

Of course, when a district court decides to apply the law of the case doctrine to an issue that the appellate court did not address, the appellate court has the ability to review and conclusively determine the issue it left unanswered in the first instance. *In re PCH Assocs., supra.,* 949 F.2d at 593. Perhaps the next time it gets this case, the Second Circuit will address the issue left unaddressed on the previous appeal. If it concludes that I should have exercised my discretion to overturn Judge Casey's alternative "no consideration" ruling, then I will just have to steel myself for another remand.