09-2627-cv
*American Hotel Group v. CGU Insurance Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of March, two thousand ten.

PRESENT:

> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges.*

---

AMERICAN HOTEL INTERNATIONAL
GROUP, INC., ARAMARINE BROKERAGE,
INC., ARA PURCHASING GROUP, INC.,
ASTA PG, INC., LIVERY PG, INC., NAA
PURCHASING GROUP, INC., RESTAURANT
GROUP, DOING BUSINESS AS RESTAURANT
GROUP DELAWARE, INC., and SILVER CAR
PURCHASING GROUP, INC.
> *Plaintiff-Counter-Defendants*,

ARAMARINE, BROKERAGE, INC.,
> *Plaintiff-Counter-Defendant-Appellant*,

   -v.-                                        No. 09-2627-cv
                                                Summary Order

ONEBEACON INSURANCE COMPANY,
> *Defendant-Movant-Counter-Claimant-Appellee*,

CGU CORPORATION,
> *Defendant*,

POTOMAC INSURANCE COMPANY OF ILLINOIS,
> *Defendant-Counter-Claimant*.

---

Kenneth J. Kelly (Jennifer M. Horowitz, *on the brief*), Epstein Becker & Green, P.C., New York, NY, *for Plaintiff-Counter-Defendant-Appellant*.

Richard I. Ifft (Benjamin Joseph Theisman, *on the brief*), Wiley Rein LLP, Washington, DC; Gregory J. Castano, Castano Quigley, L.L.C., West Caldwell, NJ, *for Defendant-Movant-Counter-Claimant-Appellee*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Counter-Defendant-Appellant Aramarine Brokerage, Inc. ("Aramarine"), an insurance agent and broker, appeals from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*) granting Defendant-Movant-Counter-Claimant-Appellee OneBeacon Insurance Company ("OneBeacon") summary judgment on its counterclaim. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

In a previous appeal to this Court, Aramarine challenged the district court's determination that an alleged oral agreement forming the basis of Aramarine's claims against OneBeacon was governed by New York law and failed to satisfy the State's statute of frauds.[1] *Aramarine Brokerage, Inc. v. OneBeacon Ins. Co.*, 307 Fed. App'x 562, 563 (2d Cir. 2009). Aramarine also challenged the district court's determination that another alleged oral agreement (the "Elmasri-Freyberger Agreement"), which formed the basis of Aramarine's defense to OneBeacon's counterclaim, was similarly governed by New York law and equally void. *Id.* This Court's summary order vacated the district court's judgment on the ground that the oral agreement underpinning Aramarine's claims was

---

[1] This earlier judgment was entered by the late Richard C. Casey, United States District Judge for the Southern District of New York. The case was reassigned to Judge McMahon following Judge Casey's death.

governed by Pennsylvania law, and not void under that State's statute of frauds. *Id.* at 564-65. But we did not speak directly to OneBeacon's counterclaim or the Elmasri-Freyberger Agreement. Nor did this Court address the district court's alternative finding, addressed only in a footnote to OneBeacon's brief and in Aramarine's reply brief, that the Elmasri-Freyberger Agreement, even if valid under the statute of frauds, would have failed for want of consideration. *Id.*

On remand, the district court determined that our conclusion regarding the correct choice of law for the first alleged oral agreement necessarily governed choice of law for the Elmasri-Freyberger Agreement, and accordingly concluded that the statute of frauds was no bar to the validity of the latter as a defense to OneBeacon's coutnerclaim. The court also concluded, however, that our order did not address its previous, alternative holding that the Elmasri-Freyberger Agreement failed for want of consideration. After reviewing the requirements of the law of the case doctrine, the court elected to adhere to its "no consideration" holding, and again entered summary judgment in favor of OneBeacon on its counterclaim before proceeding to trial on Aramarine's claims.

Aramarine now argues that the district court failed to comply with our previous mandate, contending that our order, by vacating the district court's judgment in its entirety, impliedly rejected the district court's alternative holding. It further asserts that the district court erred by even considering the lack of consideration argument, because it was originally presented to Judge Casey by way of OneBeacon's reply brief in support of summary judgment. Finally, Aramarine argues that even if our summary order left the alternative holding undisturbed and the argument supporting that holding was properly considered by the district court in the first instance, the court abused its discretion in adhering to that holding. For the following reasons, we disagree.

"Under the doctrine of law of the case, a district court generally may not deviate from a mandate issued by an appellate court, and the appellate court retains the right to control the actions of the district court where the mandate has been misconstrued or has not been given full effect." *In re Ivan F. Boesky Sec. Litig.*, 957 F.2d 65, 69 (2d Cir. 1992) (internal citations omitted). Accordingly, this Court "retains the authority to determine whether the terms of the mandate have been 'scrupulously and fully carried out,'" *id.* (quoting *United States v. E.I. Du Pont De Nemours & Co.*, 366 U.S. 316, 325 (1961)), and reviews the judgment of the district court *de novo* for compliance with the mandate, *Carroll v. Blinken*, 42 F.3d 122, 126 (2d Cir. 1994).

Aramarine is correct that a finding that has been vacated ceases to be the law of the case, and that this includes a finding not expressly addressed but necessarily rejected by an appellate court's reasoning. *See United States v. Minicone*, 994 F.2d 86, 89 (2d Cir. 1993). Yet it is equally true that the findings of a district court not expressly or implicitly addressed on appeal remain the law of the case. *See In re PCH Assocs.*, 949 F.2d 585, 593 (2d Cir. 1991). Our previous summary order referenced OneBeacon's counterclaim only in describing the extent of the district court's order, and expressly addressed only the oral agreement related to Aramarine's primary claims. Moreover, we carefully qualified the scope of our order, stating:

> We express no views on whether Aramarine obtained an oral agreement, and if so, what were its terms. Nor do we express a view on whether any oral agreement made was a modification of the Broker's Agreement. We simply note that because the district court assumed the alleged oral agreement to be a modification of the Broker's Agreement, which specified a choice of Pennsylvania law, in the absence of reasons for rejecting the choice of law made by the parties, the district court should enforce such a contractual choice of law.

*Aramarine Brokerage*, 307 Fed. App'x at 565. While, on remand, this analysis necessarily dictated choice of law with respect to the Elmasri-Freyberger Agreement as well, *see* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478, at 662-63 (2d

4

ed. 2002) ("If the analysis used to dispose of an issue before the court controls disposition of an issue that was not considered . . . the law of the case established by the analysis may control disposition of the new issue."), it did not purport to address the district court's alternative holding that the Elmasri-Freyberger agreement was not supported by consideration. The district court did not err in determining that our order left that holding undisturbed.

We turn next to Aramarine's contention that the district court erred by considering the "no consideration" argument in the first instance, because the argument was first raised in a reply brief. This assignment of error is untimely. "Under [the law of the case] doctrine, a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision, for '[i]t would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.'" *County of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d Cir. 1997) (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir.1981)). As Aramarine admits, the opening brief of its first appeal "treated the 'alternative' basis [for the district court's decision] as a nullity." Appellant's Br. at 14. Accordingly, Aramarine is no longer in a position to challenge the district court's decision to consider the "no consideration" argument that informed its holding. For the same reasons, Aramarine's argument that Judge McMahon should not have treated Judge Casey's ruling on consideration as the law of the case is incorrect.

We have considered all of Aramarine's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5