■ ARAMARINE BROKERAGE, INC., Respondent, v HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Respondent, and EPSTEIN BECKER & GREEN, P.C., Appellant. [944 NYS2d 499]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered on or about January 11, 2012, which denied defendant Epstein Becker & Green, P.C.'s (EB&G) motion to dismiss the legal malpractice cause of action against it, unanimously affirmed, with costs.

Plaintiff, an insurance broker, seeks to recover for legal malpractice arising out of defendant law firms' successive representation of it in connection with an underlying federal action against a group of insurers (the CGU insurers). In the federal action, the CGU insurers moved for, inter alia, summary judgment on their counterclaims for a return of insurance brokerage commissions paid in connection with premiums subse-

quently returned, on the ground that plaintiff's claim of an oral agreement between the parties was controlled by New York law and was unenforceable pursuant to the statute of frauds. The CGU insurers argued for the first time in reply that the oral agreement also failed for lack of consideration. Plaintiff, then represented by Hall Estill, neither objected to the CGU insurers' raising this issue in reply nor sought to submit a surreply. The district court (Casey, J.) granted the CGU insurers' motion, finding that the oral modification was subject to New York law and was unenforceable under New York's statute of frauds. The court found, alternatively, that plaintiff "failed to establish that any consideration was given in exchange for the alleged agreement" (*American Hotel Intl. Group Inc. v CGU Ins. Co.*, 2004 WL 626187, *7 n 7, 2004 US Dist LEXIS 5154, *25 n 7 [SD NY 2004], *vacated in part* 307 Fed Appx 562 [2d Cir 2009]). On appeal by EB&G, the Second Circuit vacated the finding that New York law and the statute of frauds applied to the oral modification. Neither EB&G's appellate brief nor the Second Circuit's decision addressed the district court's alternative holding of "no consideration."

On remand, the district court (McMahon, J.) held that, although Judge Casey could have disregarded the argument first raised in reply, his "no consideration" ruling was "law of the case," because it had not been reversed on appeal (*American Hotel Intl. Group, Inc. v OneBeacon Ins. Co.*, 611 F Supp 2d 373, 379 [SD NY 2009], *affd* 374 Fed Appx 71 [2d Cir 2010]). Judge McMahon noted that plaintiff had not, inter alia, objected to Judge Casey's consideration of this argument on reply, or sought leave to file a surreply, or raised the issue on the prior appeal and reconsideration motions (*id.* at 376). She observed that, while the Second Circuit could have responded favorably to an abuse of discretion argument, it was "equally likely" to have "viewed with disfavor" plaintiff's failure to raise the issue before the district court, and concluded that, "[h]aving passed up every conceivable opportunity to raise this issue . . . [plaintiff] has waived any right to argue . . . that Judge Casey erred by considering the belatedly-raised 'no consideration' argument" (*id.* at 376, 377).

The district court ultimately awarded the CGU insurers more than $1.3 million on their counterclaims against plaintiff. EB&G appealed this award on plaintiff's behalf. In affirming the judgment, the Second Circuit held that, by failing to object to the "no consideration" claim or raise the issue on the first appeal, plaintiff waived the right to challenge the claim, and, thus, Judge Casey's "no consideration" ruling became law of the case

(*American Hotel Intl. Group, Inc. v OneBeacon Ins. Co.*, 374 Fed Appx 71 [2d Cir 2010]).

The complaint alleges that EB&G's failure to address the "no consideration" ruling in its appellate brief in the first federal appeal resulted in plaintiff's inability to defend against the CGU insurers' counterclaims. By thus alleging "facts from which it could reasonably be inferred that defendant's negligence caused [plaintiff's] loss," the complaint states a cause of action for malpractice (*see Garnett v Fox, Horan & Camerini, LLP*, 82 AD3d 435, 436 [2011], citing *InKine Pharm. Co. v Coleman*, 305 AD2d 151 [2003]). In opposition to EB&G's motion, plaintiff was not required to show a "likelihood of success" (*id.*). Concur—Tom, J.P., Andrias, DeGrasse, Richter and Román, JJ.