WINTER, Circuit Judge, concurring in part and dissenting in part:
I agree entirely with the excellent discussion and ruling as to whether FSIA immunizes Argentina and YPF. I dissent from the disposition of the act-of-state issue.
Having rejected the Section 1292(b) motion that we hear an interlocutory appeal-otherwise non-appealable-from the district court's rejection on the pleadings of the act-of-state defense, my colleagues' opinion is quite clear that we lack jurisdiction over the act-of-state issue. It is less clear in stating that the reason for rejecting the motion is that the issue depends on "facts." The district court ruled that the facts alleged in the complaint stated a claim that was not subject to the act-of-state defense. My colleagues' conclusion that fact-finding is needed to rule on the issue is a merits decision going to the nature and contours of the act-of-state defense. Such a conclusion seems, therefore, inconsistent with the ruling that we lack jurisdiction over the issue. Because the reasons we give for rejecting FSIA immunity are that the harm to plaintiffs was not caused by a sovereign, rather than commercial, act of the Argentinian state, that portion of the opinion's reasoning also calls for a rejection of the act-of-state defense to the claim as alleged.
A brief review of the relevant procedural history is in order. The defendants moved to dismiss the complaint on the basis that the district court lacked subject matter *213 jurisdiction under the FSIA and that Petersen's claims were barred by the act-of-state doctrine. The district court denied the defendants' motion on both fronts. The first issue-FSIA immunity-was immediately appealable under the collateral order doctrine. Kensington Int'l Ltd. v. Itoua , 505 F.3d 147, 153 (2d Cir. 2007). The rejection of the act-of-state defense was interlocutory and not immediately appealable. The district court, believing the conditions of Section 1292(b) had been met, certified the appeal so that we could decide both issues in tandem. Argentina and YPF then moved this court to grant leave for immediate appeal of the act-of-state issue. 2d Cir. Dkt. Nos. 16-3510, 16-3512. No opposition was filed to these motions. The motions were referred to a motions panel, which then referred them to the merits panel-this panel-so that "[t]hat panel can decide, in the first instance, whether the act-of-state issue is appropriate for immediate appeal pursuant to ... § 1292(b)." Motion Order, 2d Cir. Dkt. No. 16-3510 (Feb. 14, 2017).
Pursuant to 28 U.S.C. § 1292(b), we have discretion to allow an appeal to be taken from an order not otherwise appealable when the district judge states in writing "that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." (brackets added). In my view, the established standards under Section 1292(b) are satisfied.
First, a controlling question of law is present. Reversing the district court's holding that the act-of-state doctrine "does not preclude inquiry into contractual obligations related to or arising out of [acts of expropriation]," would result in dismissal of the case. See Klinghoffer v. S.N.C. Achille Lauro , 921 F.2d 21, 24 (2d Cir. 1990) ("[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."); In re Duplan Corp. , 591 F.2d 139, 148 n.11 (2d Cir. 1978).
Second, there is substantial ground for difference of opinion; in particular, whether Argentina's obligation under the bylaws to make a tender offer was independent of Argentina's sovereign acts of intervention and expropriation.
Finally, an immediate appeal would materially advance the ultimate termination of the case. Judicial efficiency would be served by deciding both this issue and the FSIA question simultaneously. My colleagues' conclusion as to the lack of immunity under FSIA is that the facts alleged in the complaint do not state a claim that implicates a sovereign, rather than commercial, act of the Argentinian state. This conclusion resolves both the FSIA issue and the act-of-state defense. Only a paragraph, if that, would be necessary to explain an affirmance of the certified appeal if we took jurisdiction. We need say only that assertion of an act-of-state defense requires that a sovereign, rather than commercial, act has caused the harm to the plaintiffs, and no such act occurred here.
Instead, my colleagues deny the motion, hold that we lack appellate jurisdiction, and explain these rulings on the grounds that unspecified "facts" are needed to adjudicate the act-of-state defense. While the reason given suggests a remand for further proceedings, my colleagues' jurisdictional ruling leaves the dismissal of the act-of-state defense in place and governed by the law of the case doctrine in the district court. See Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co. , 611 F.Supp.2d 373, 378-79 (S.D.N.Y. 2009)aff'd , 374 F. App'x 71 (2d Cir. 2010).
*214 I therefore concur in the affirmance on the FSIA issue. I dissent from the denial of the Section 1292(b) motion and would affirm the dismissal of the act-of-state defense to the claim alleged in the complaint.